MILLER and others *v.* THE LIGGETT & MYERS TOBACCO CO.

(*Circuit Court, E. D. Missouri.* January 31, 1881.)

1. ESTOPPEL—JUDGMENT.

A party is bound by an adjudication where he has all the ordinary rights of a litigant with respect to such adjudication.

2. SAME—SAME.

A party who contributes money for the purpose of employing counsel, and carrying on a litigation, under a contract with a party to the record, has the right to take such action in the case as will protect his interests in such litigation.

3. SAME—SAME—PRACTICE.

The validity of a patent having been in part sustained in one circuit, suit was brought in another circuit for infringement by a party who had contributed to the payment of the counsel who had defended the first suit. *Held*, that the defendant was estopped by the adjudication in the other circuit, but that the court would not enter any decree based upon that opinion, until the conclusion of the litigation in such other circuit.

4. PRACTICE—PRIOR USE.

Evidence of prior use having been introduced in the latter suit, *held*, that the proper way to proceed would be by motion for a rehearing in the other circuit.—[ED.

In Equity.

A suit having been brought against Force & Co., tobacco manufacturer, at Louisville, for infringing the Miller & Worley patent, re-issue No. 8060, for "finishing tobacco plugs," said patent having two claims—one for the process and one for the product—these defendants, with some dozen other tobacco manufacturers, issued a circular to their customers promising to protect them against any suit Miller & Worley might bring against them for dealing in the subscriber's tobacco. It further appeared that the above defendants contributed to the payment of counsel who defended the Force case, but in all other respects were entirely independent of, and had no connection whatever with, Force & Co. The evidence showed also that their process was in many essentials different from that practiced by Force & Co. The product claim was held void. Much new evidence, as antici-

pating the process, was introduced in this case by both sides, and the case set down for final hearing.

*Stem & Peck, Beattie & Winchester,* and *George Harding,* for complainants.

*Samuel S. Boyd,* for defendant.

McCRARY, C. J.   We have considered the case of *Miller* v. *The Liggett & Myers Tobacco Co.* so far as the question of estoppel is concerned.   The suit is brought to determine the validity of certain letters patent belonging to these plaintiffs. The same question was involved in the case of *Miller* v. *Force,* tried in the district of Kentucky, in which there was a decree sustaining the validity of the patent in so far as the first claim is concerned, and, as the patentee has waived anything beyond that claim, that decree sustains the claim of the validity of the patent, so far as it is involved in this litigation.   The Liggett & Myers Tobacco Company was not a party to the record in that case, and the question is whether it was privy to that proceeding, in such a sense as to be bound by it and estopped by the decree.   The rule upon the subject of estoppel is, of course, well understood by counsel. It is, to state it generally, that parties and privies are concluded by the judgment.   But I am of the opinion that a person, to be concluded by a judgment, must be privy to the proceeding in such a sense that he may control the litigation in so far as making motions in the case, offering evidence, cross-examining witnesses, or taking an appeal is concerned; that is, it is not reasonable to say that a man shall be bound by an adjudication, unless he has all the ordinary rights of a litigant with respect to the adjudication.

The question, therefore, is whether it appears, from the proof before us in this case, that the Liggett & Myers Tobacco Company had the authority to control that litigation, within the sense of the rule as I have explained it, and also whether they have now the right to go into that court, and, if the time is not out, move for a rehearing, or for an appeal, if there has been a final decree, and, if there has not been a final decree, whether they have the right, when one is rendered, to appear there and take an appeal.   I think that a

party who contributes money for the purpose of employing counsel, and carrying on a litigation, under a contract with a party to the record, must of necessity be held to have the right to take such action in the case as will protect his own interest in it.  As, for example, suppose there is a case, which is understood to be a test case, involving the validity of a patent, or anything else, against a particular individual, but involving a subject-matter concerning which a large number of other persons are equally interested with the particular defendant in that case, and suppose all the parties who are interested, or a number of them, come together, enter into a contract that they will raise a fund to carry on that litigation, that they will unite for the purpose of employing counsel, and combine to carry it on in the name of the party to the record, it seems to me that the persons who, under such a contract as that, actually contribute money for the purpose of carrying on a suit, are authorized to go into that court and use the name of the party to the record in making such motions and taking such steps as are necessary for the protection of their particular interest in it.  In other words, I suppose that, under the agreement which appears in this case, Mr. Boyd, who represents the defendant in that suit, can appear in that court and move for a rehearing, and can appear there in the name of his defendant in that case and take an appeal.

The language of the circular, which was signed by these defendants, with others, is that counsel have been retained by them to "attend to all such suits;" that is, all suits involving the validity of this patent.  The testimony shows that the defendants in this case have, in pursuance of this very agreement, contributed money to carry on that case in Kentucky. It may be, however, that the court in Kentucky might take a different view of that question from what we do.  We cannot decide for that court, and, of course, the decision of that court would be conclusive and final upon the parties.  If the counsel for these defendants should appear in that court and should move for leave to appeal, and if that court should deny them that right, they might be without remedy if we were now, upon this question, to finally adjudicate this case; con-

sequently we are of the opinion that this case ought to stand upon this docket without any final adjudication until you have concluded that litigation in Kentucky. You can take that case to the supreme court, and when the supreme court has decided these questions that will be conclusive upon all parties. There is no necessity, as we think, for experimenting with all the circuit court judges in the country when you have one case which can be taken to the supreme court, and the law of the controversy there determined. In order, however, to protect the rights of the defendants as fully as possible, we propose to make no decree in this case at present, but to continue it until we know what has been the result of that case; and if it goes to the supreme court, until you have an adjudication by that court. If we were to decide the question now, we would say that these defendants are clearly estopped upon the evidence that is before us; but, as it is possible there might be a different decision in the court of Kentucky, we do not propose to render any decree upon that case based upon the opinion which we hold. We do propose, however, to say to counsel here that they must go on with that case in Kentucky, bring it to a final decree, take it to the supreme court, and have the law of the case finally settled by that tribunal, unless they are estopped from doing so by some decision there; and we will take no further steps until you have done so.

Mr. BOYD. If your honor will pardon me, in regard to the course which your honor suggests there is one practical difficulty, which may render it impossible for us to get our rights there, and that is this: Your honor very well knows that in these motions for rehearing it is necessary that the parties should show and satisfy the court that as soon as the evidence came to their notice it was brought there by a motion for rehearing. Now, as a matter of fact, this evidence did not come to the knowledge of any party until after that decree was rendered; but, as your honor will see, since this answer was set up nearly a year's time has elapsed. My object in bringing it up in this way, and not making a motion there, was that I supposed it would be fairer to the other side, that,

instead of going before that court on *ex parte* affidavits for a rehearing, we might take the testimony, giving them the right of cross-examination, and that they might have the like right to introduce evidence to meet this new matter. Therefore, if it should turn out that his honor, Judge Baxter, should hold that, inasmuch as this time has elapsed, and this excuse which I now present should not be held by him to be sufficient to introduce this new testimony, and that case were appealed, it would go to the supreme court without this new testimony, which we think is vital, and as to which there was not even a hint or suggestion in the record as it now stands before Judge Baxter.

Judge McCrary. We will of course be just as much at liberty after you have settled that case to act on this as we are now, so that you waive nothing in that respect. I say that the principal question in the case, or one very important question, is as to the patentability of this particular improvement, and that you have fairly and fully raised, as I understand, in the case decided by Judge Baxter.

Mr. Boyd. Not as fully as it is now raised, because there is this proof of a prior use which went to the whole extent.

Judge Treat. It is not a question as to use, but as to patentability; whether it is a matter that is within the purview of the patent law anyhow.

Mr. Boyd. Yes, sir; but still we do not like to go to the supreme court simply upon that, inasmuch as since that time we have found this evidence, which we think, even if it was patentable, shows a prior use. I propose, then, to make a motion for rehearing there, as your honor suggests.

Judge McCrary. I think that will be the proper way to proceed.

Note. See *United States & Foreign Felting Co.* v. *Asbestos Felting Co.*, 4 Fed. Rep. 813.