## DUDEN _v._ MALOY.

(_Circuit Court, E. D. New York._ June 14, 1890.)

**1. RES ADJUDICATA—DECISION OF STATE COURT.**
    Where, on exceptions to a master's report in a partnership accounting, it appears that, since the filing of the report, a state court having jurisdiction has, in an action between the parties to try title to real estate, decided that it was partnership property, this will be conclusive, though the master has found to the contrary.

**2. INTEREST—USURY.**
    A New York firm, having no money with which to buy, entered into an agreement in Belgium, with a Brussels firm, by which the latter agreed to ship goods to the New York firm, on the express condition that, in addition to the invoice price, they should receive 7 per cent. interest from the date of invoice. _Held_, that as the Belgium law allowed any stipulated rate of interest, and as this was rather a mode of fixing the share of the Brussels firm in the joint venture, there was no usury in the agreement.

In Equity. On exceptions to master's report.

Bill by Herman Duden against Michael F. Maloy for an accounting of the partnership affairs of the firm of Duden & Co. For motion to make the Associated Lace-Makers' Company a party to the suit, see 37 Fed. Rep. 98.

_Howard Y. Stillman_, for complainant.

_J. M. Lyddy_, for defendant.

LACOMBE, Circuit Judge. The master has found, upon conflicting evidence, that the factory business was not a partnership enterprise, and that the land, buildings, and appurtenances formed no part of the assets of Duden & Co. of New York, at the close of the partnership. Under these circumstances, his finding, which also seems in accord with the weight of testimony, would ordinarily be sustained. *Mason v. Crosby*, 3 Woodb. & M. 258; *Celluloid Manuf'g Co. v. Cellonite Manuf'g Co.*, 40 Fed. Rep. 476. Upon the hearing, however, of the exceptions to the master's report, the defendant presented a judgment of the supreme court of the state of New York, Westchester county circuit, rendered June 29, 1889, subsequent to the filing of the master's report, in an action wherein the defendant herein was plaintiff, and the complainant herein was a defendant. That action was brought to try the title to the real estate upon which the factory stood, and the issue raised therein was the same as that before the master. Of such an action that court undoubtedly had jurisdiction; and that the complainant here (a defendant in that suit) was properly served, and had opportunity to protect his interests, is not disputed. The court adjudged that the land, factory, and appurtenances at Williamsbridge were partnership property, and assets of the firm of Duden & Co. of New York, at the time of its dissolution. That judgment is conclusive evidence in this suit of the facts established thereby. *Krekeler v. Ritter*, 62 N. Y. 372. This may be unfortunate for the complainant, who evidently could not have presented to the supreme court the same case as he did to the master. If, however, he failed to do so, through his neglect, he should suffer the consequences, and, if the disastrous termination of his litigation in the state court resulted from causes which would entitle him to relief, his remedy is by application to that tribunal for a retrial. The assets representing this particular partnership property—viz., the real estate, and its appurtenances, the money due from the insurance companies for the buildings which were destroyed by fire, and the good-will, if any, which will follow the factory into whosesoever hands it may come—are not in the possession of the complainant. The state court has impounded them pending the trial and final disposition of the Westchester suit. There is nothing, therefore, to be charged against the complainant on this accounting, by reason of this reversal of the master's finding. The state court receiver will no doubt hold the property until after final decree on this accounting, and will thereupon dispose of the same, in conformity with the rights of the parties as found by such decree. The master, however, in stating the accounts between the parties, upon the theory that the factory at Williamsbridge was an enterprise distinct and apart from the business carried on by the parties as Duden & Co. of New York, and that complainant alone was interested therein, has charged to the complainant personally, or to the firm of Duden & Co. of Brussels, all the money paid out for land, factory buildings, machinery, appurtenances, labor therein, etc. It now appearing that the factory was a partnership enterprise, all these items should be charged to Duden & Co. of New York, instead of to Duden & Co. of Brussels, or to the complainant.

Whatever profit or loss there was from the factory business should also be included with the other accounts of the firm. This disposes of the first and second exceptions.

The third exception deals with the good-will of the New York store. The witnesses who testified to its value seem to have been in some confusion as to the identity of the business firm, whose good-will they were estimating. Therefore, without now passing upon the two points suggested in the opinion which the master has filed with his report,—viz., that, by continuing in the lace business on his own account, the defendant has in fact secured his share of the good-will, and that the articles of copartnership preclude him from claiming anything except a share of the profits, not including therein anything for good-will,—the case is sent back to the master to take such additional testimony as either party may offer within 30 days, and to report specially upon the whole case, in answer to these questions: *First.* What, if anything, was the value of the good-will of Duden & Co. of New York, on the day the defendant joined it? *Second.* What, if anything, was the value of the good-will of Duden & Co. of New York, on the day the defendant left it? Upon the filing of that special report, to which either party may present exceptions, the points raised by the third exception will be disposed of.

The master has found that defendant is indebted to the partnership firm $4,268.67, and that the said firm owes Duden & Co. of Brussels $371,470.97. To these findings the defendant has excepted. (Fourth and seventh exceptions.) The master's decision was reached upon conflicting testimony, and with the witnesses before him. No sufficient ground is shown for setting it aside. *Mason* v. *Crosby,* 3 Woodb. & M. 258; *Bridges* v. *Sheldon,* 18 Blatchf. 507, 7 Fed. Rep. 17. The fourth and seventh exceptions are therefore disallowed, but the master will report what modification, if any, should be made in these figures by reason of the circumstance that the factory has now been adjudged to be a partnership enterprise.

The fifth exception is disallowed. The reasoning of the master in support of his finding as to the payment to the book-keeper is conclusive.

The sixth exception is disallowed. It is in no sense an exception to the report.

The master has found Duden & Co. of New York, of which both parties were members, indebted to Duden & Co. of Brussels, of which complainant only was a member, in the amount of $371,470.97, which includes $111,021.86, referred to as interest charges. To this defendant excepts, insisting either that there should not be allowed anything by way of interest to Duden & Co. of Brussels, or that they should not be allowed interest at the rate of 7 per cent. during the years 1880–1883. He further contends that interest has been charged upon interest and upon profits. The origin of this item is as follows: According to complainant's story, Duden & Co. of New York had no capital with which to buy goods. An oral agreement was therefore made in Belgium between the Brussels house and the New York house, complainant and

defendant being the contracting parties, by the terms of which it was provided that the Brussels house should ship to the New York house goods of their own in stock; goods from the stock of their branch houses elsewhere in Europe; goods to be manufactured by them expressly for the New York market; and also goods bought elsewhere in Europe for the New York house, and paid for by the Brussels house. These shipments were to be made upon the express condition that they should receive, in addition to the invoice price of the goods, 7 per cent. interest from the date of invoice. The Belgian law allowed parties to stipulate for any rate of interest, but, even if it did not, such an agreement would not be usurious. The 7 per cent. was not properly interest, but only a mode of fixing the share of Duden & Co. of Brussels in the joint adventure. From the earliest dealings between the two houses, interest at this rate was charged upon all invoices, and interest at the same rate was allowed to the New York house on all its remittances, and balances were carried over at stated periods. Balance-sheets and accounts current showing these facts were regularly sent from the Brussels to the New York house. The defendant, who denies that he ever approved such charges, avers that he does not remember such accounts, and insists that he had in New York no means of verifying them, was the partner who, by the terms of the copartnership agreement, was charged with the duty of having "kept by himself, or under his supervision, just, true, and correct books of account, in which books all the transactions of such copartnership shall be properly entered." There being a direct conflict of testimony as to this oral agreement, the master's finding, which is in accord with the complainant's story and with the accounts, will be sustained. See cases cited *supra.* The eighth and ninth exceptions are therefore disallowed.

The tenth and twelfth exceptions are disallowed. They seem to be, not exceptions to the master's report, but to the mental processes by which he reached his conclusion.

The eleventh exception is also disallowed. It does not appear, in defendant's argument, upon what ground the decision of the master is claimed to be erroneous. In stating the assets, he has deducted from the cash in hand the sum of $701.20, being the amount of a payment made, after dissolution, of additional duties upon goods imported before dissolution. As the goods themselves, or their proceeds, figure among the assets, the allowance of the master seems to be correct.

The thirteenth exception is disallowed. It reads as follows:

"(13) For that the master has found contrary to the preliminary requisitions and objections of defendant to his proposed draft report, and which requisitions and objections he here repeats, and contends that fresh evidence should be taken thereon."

The practice of this circuit does not warrant the presentation of any such general objection. The party who excepts to a master's report must make his objections specific. The case may go back to the master solely for the purposes above indicated.