MALOY v. DUDEN.

(Circuit Court of Appeals, Second Circuit. March 2, 1898.)

No. 67.

RES JUDICATA—PARTIES AND QUESTIONS CONCLUDED.

A member of a partnership in Brussels formed a partnership with a New Yorker, and the Brussels firm supplied to the New York firm its stock in trade. On the dissolution of the New York firm the Brussels firm sued the New York partner for an accounting of the partnership affairs, and to recover a balance alleged to be due. Before judgment the other partner in the Brussels firm died. On the accounting it was found that the New York firm was indebted to the Brussels firm in a specified amount, and judgment was given for plaintiff accordingly. Held that, as at the date of judgment the complainant was sole surviving partner of the Brussels firm, he was the real party in interest, so that the finding as to the amount due from the New York to the Brussels firm was conclusive, and could not be questioned in a subsequent suit by the New York member against the Brussels member as surviving partner of the Brussels firm.

Appeal from the Circuit Court of the United States for the Southern District of New York.

W. Wickham Smith, for appellant.
Ronald K. Brown, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This appeal presents the question whether the court below erred in deciding that upon the facts the plea of res adjudicata was a good defense to the suit. 77 Fed. 935.

The complainant, Maloy, was from 1878 to 1886 a partner with the defendant, Duden, in the mercantile firm doing business at New York City by the style of Duden & Co. By the partnership articles, Maloy was to have 25 per cent. of the proceeds, and Duden was to have 75 per cent. Neither partner contributed any capital, but Duden was a member of the firm of Duden & Co., of Brussels, and during the existence of the New York firm the Brussels firm supplied it with its entire stock in trade; sending to it goods direct from Brussels, or purchasing them elsewhere.

Upon the dissolution of the New York firm, Duden brought an action against Maloy for an accounting of the partnership affairs, and to recover a balance alleged to be due him. That action was originally brought in a state court, and was then removed to the United States circuit court. After a protracted litigation, it resulted in a decree adjudging Maloy indebted to Duden upon the partnership account for $5,670, and to have no interest in the assets of the firm. Before that suit was at issue, Duden had become the sole surviving member of the Brussels firm. One of the principal issues litigated in the suit was as to the amount of the indebtedness owing by the New York firm to the Brussels firm. It was claimed by Duden that the amount was $371,470, including interest. It was claimed by Maloy to be $288,706. If it had been found to be as claimed by Maloy, there would have been a considerable balance due him from Duden in the firm account; if as claimed by Duden, nothing was due, but Maloy was indebted to Duden. The issues in the cause were referred to a master, and he found and decided that the New York firm was indebted to the Brussels firm for $371,470, and that at the time of the dissolution of Duden & Co., of New York, the liabilities of that firm exceeded its assets. The findings of the master were confirmed by the circuit court. 43 Fed. 407. And the decree was subsequently affirmed upon appeal by the United States circuit court of appeals. 63 Fed. 183. The bill of complaint in the present suit was filed by Maloy, in behalf of the New York firm, against Duden, as surviving partner of the Brussels firm, and alleges that the New York firm was not indebted to the Brussels firm in the sum of $371,470, and prays relief, that defendant account to the New York firm for the difference between that sum and the amount really owing to the New York firm, and for other supplementary relief.

It is undoubtedly true, as contended for by the appellant, that, if the adjudication in the former suit would not operate as an estoppel

against the defendant in any suit that he might see fit to bring against the New York firm to recover a larger sum than was decided in the former suit to be owing, it cannot operate as an estoppel in his favor. It is insisted that it would not, because, in his capacity as surviving partner of the Brussels firm, he was not a party to the former suit. But he was the Brussels firm, in fact and in law, precisely as he is in the present suit.

We entertain no doubt that if in the former suit it had been decided that the New York firm owed the Brussels firm only one-half as much as was in fact owing, and Duden, suing as surviving partner of the Brussels firm, should seek, in an action against the complainant, to re-examine the matter, Maloy could avail himself of the former adjudication, and insist upon it as a finality.    The Brussels firm was represented in the controversy by the man who was all there was of that firm,—the only person who had authority to sue or defend for it, to collect its demands or release them, or represent it in any business transaction.

To give full effect to the principle by which parties are held bound by a judgment, and are not permitted to re-examine the controversy decided by it, not only those who are nominal or formal parties are considered, but so are all others who are identified in interest with either of the immediate parties, and who actually participate in conducting the controversy.    The real principal who is behind the formal party, and is actually represented by him throughout the controversy, is the real party; and in order to invoke a judgment as an estoppel, for or against him, it is always competent to show what the real situation was, and what part in promoting or defending the suit was actually taken by him.    1 Greenl. Ev. § 523; Lovejoy v. Murray, 3 Wall. 1; Robbins v. Chicago City, 4 Wall. 657.    It is upon this principle that it has often been held that the owner of a patent can invoke a former adjudication of its validity as an estoppel in a subsequent suit against an infringing defendant, although the defendant was not a party of record in the former suit.    Miller v. Tobacco Co., 7 Fed. 91; Manufacturing Co. v. Miller, 41 Fed. 357; David Bradley Mfg. Co. v. Eagle Mfg. Co., 6 C. C. A. 661, 57 Fed. 985.

It is obvious that, if the complainant in the present suit could obtain a decree, he could not reap any advantage by it, but, on the contrary, Duden would derive the fruits of the decree.    In any action between complainant and Duden to determine the respective interests of the parties in the recovery, the former suit would conclude their rights; and it would have to be decided that the complainant has no interest in the recovery as a firm asset, and that he has no claim against Duden for anything arising out of their partnership accounts, because these things have been decided in the former suit, and that decision is conclusive between them whenever and wherever those issues arise.    The case for the complainant does not rest upon any substantial basis, because in no event can he succeed in reaching a result which will be beneficial to him.

The decree of the circuit court is affirmed, with costs.