### BRYANT ELECTRIC CO. v. MARSHALL.

(Circuit Court, D. Massachusetts. March 24, 1909.)

No. 537.

1. JUDGMENT (§ 713*)—SUIT FOR INFRINGEMENT—OPERATION AND EFFECT OF DECISION.

Where a patent of several claims is made the basis of a bill in equity to restrain its infringement, and the bill makes no discrimination between the claims and is dismissed generally on the merits, the complainant may not thereafter by another bill seek to restrain the same defendant from doing the acts complained of in the first suit merely by alleging in his later bill an infringement of certain claims not pressed in the argument of the first suit nor mentioned in the opinion of the court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1234–1241; Dec. Dig. § 713.*

Operation and effect of decision in equitable suit for infringement of patent, see note to Westinghouse Electric & Mfg. Co. v. Stanley Instrument Co., 68 C. C. A. 541.]

2. JUDGMENT (§ 675*)—CONCLUSIVENESS OF ADJUDICATION—PERSONS BOUND.

Where, in a suit for infringement of a patent against a customer, it was stipulated on the record that the manufacturer of the alleged infringing article was defending the suit, such manufacturer was a party in such sense that the decree was binding as between it and the complainant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1190–1194; Dec. Dig. § 675.*]

In Equity. On demurrer to bill and motion for preliminary injunction.

Howson & Howson and Hubert Howson, for complainant.
Whipple, Sears & Ogden, for defendant.

LOWELL, Circuit Judge. Marshall, the defendant in the suit now before the court, brought a bill in equity, hereinafter called the "first

suit," against the Pettingell-Andrews Company, to restrain the infringement of letters patent No. 784,695. This bill alleged that the defendant, "in infringement of said letters patent and the claims thereof, * * * infringed said letters patent," and sold large quantities of articles embodying the patented invention. The Pettingell-Andrews Company answered denying the validity of the patent and its infringement. A replication was duly filed, and evidence was taken. At the beginning of his examination, the complainant's expert was asked if he had read the above-mentioned patent, "and particularly claims 5 and 9 thereof." A general examination of the record shows that the complainant's case was limited in effect to claims 5 and 9. The learned judge sitting in the Circuit Court began his opinion by stating that claims 5 and 9 were in suit. His opinion was confined to a consideration of these claims. He said, "I find that both claims are void in view of the prior art," and thereupon the bill was dismissed. 153 Fed. 579. The complainant thereupon appealed to the Circuit Court of Appeals. In delivering the opinion of the Circuit Court of Appeals, 164 Fed. 862, Judge Colt said:

"The present bill is brought for infringement of claims 5 and 9 of the Marshall patent. * * * The complainant in the present suit has seen fit to rely upon claims 5 and 9 of the Marshall patent, and the only question before us is whether these claims are void for want of invention. * * * We now come to the claims of the patent, and we will first consider some of the claims which are not in issue." Reference was made to claims 1, 2, 3, 4, and 6. "We now come to the consideration of the two claims in issue. * * * This case is limited to the consideration of the validity of claims 5 and 9 of the Marshall patent, and for the reasons given we must hold that these broad claims are void for want of invention in view of the prior art. Other claims of the patent are not before us, and we therefore express no opinion as to their validity."

The decree of the Circuit Court dismissing the bill was affirmed.

Thereafter Marshall brought a bill in equity in this court against the Western Electric Company, hereinafter called the "second suit." This bill, as. now amended, alleged that Marshall—

"through a mistake, and without willful default or intent to defraud or mislead the public, included in his specifications (of the above-mentioned letters patent) two claims, to wit, claims 5 and 9, which have been subsequently held by the United States Circuit Court of Appeals for the First circuit in a suit between said Marshall and the Pettingell-Andrews Company to be invalid, and this suit is now prosecuted for the infringement of the other parts of said letters patent, and the claims thereof excluded claims 5 and 9."

The rest of the bill, in the usual form, alleged infringement of the patent, "excluding claims 5 and 9." Thereafter the complainant filed the bill in equity now before the court, hereinafter called the "third suit," to enjoin Marshall from proceeding with the second suit. The bill in the third suit alleged the facts above stated, and, in addition, that the Bryant Electric Company was the manufacturer of the articles alleged to infringe in the first and second suits; that it took full and exclusive charge of the defense of both the first and the second suits; that the articles alleged to infringe in the two suits were similar; that Marshall by his proceedings sought to harass the complainant in the third suit by bringing suits successively against

its customers; that these suits injured the complainant's business, wherefore, inasmuch as this court had already decided that no ininfringement existed, the complainant prayed that Marshall might be restrained by injunction from proceeding with the second suit, and from bringing like suits against the complainant's other customers.

To this bill the defendant demurred upon the following grounds: (1) That in the first suit the court passed only upon claims 5 and 9 of the patent, while in the second suit those claims were excluded, and only the other claims of the patent were relied upon. Hence the invalidity of the Marshall patent generally was not res judicata. (2) Because the complainant was not a party to the first suit. The case was heard by this court upon the demurrer, and upon the complainant's motion for an injunction pendente lite.

In Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065, a case of first impression, and chiefly relied upon by the complainant, the Supreme Court held that a defendant who had established the defense of invalidity in a suit for the infringement of a patent was entitled to an injunction protecting his customers from suits brought by the same complainant to restrain like alleged infringements of the same patent. To establish its right to the relief sought in the third suit, the complainant Bryant Company must therefore show, first, that the decree in the first suit barred other proceedings between the parties to restrain similar alleged infringements of the claims of the Marshall patent other than claims 5 and 9; second, that the Bryant Company was in legal effect a party to the first suit. If the complainant shall establish these two points, the defendant does not dispute that the case at bar is brought within the decision in Kessler v. Eldred.

1. The language both of the Circuit Court and of the Circuit Court of Appeals in the first suit shows plainly that those courts considered no claim of the Marshall patent other than claims 5 and 9. Neither of those courts intended to pass expressly or by implication upon the general validity of any of the other claims. These other claims were expressly omitted from the consideration of the higher court. But the complainant contends that the decree in the first suit, although the opinion therein was limited to claims 5 and 9, effectually barred proceedings between the same parties to restrain similar infringements of other claims of the Marshall patent, whether those claims be deemed generally valid or invalid as between other parties. The complainant's contention comes to this: that a patentee may bring but one suit against one party for one infringement of one patent, although that patent has many claims. The defendant, on the other hand, contends that a patentee may bring against a given defendant suits for the same infringement of a patent as many as the patent has claims. The question thus presented is of great interest, and, strange to say, appears to be of first impression. May a patentee so subdivide his patent as to bring separate suits upon its several claims for the same alleged infringement against the same person, or, in the case of one patent, one defendant, and one infringement, is he limited to one suit?

The history of American patent law, as concerned with the joinder of several claims in one patent, is set out in Suddard v. American Motor Co. (C. C.) 163 Fed. 852. In that case this Court said:

"In the old practice the patentee brought suit on his patent. Now he brings suit on certain claims of his patent. With the rest of them he does not concern himself. * * * For many purposes, however, courts have come to treat the several claims in one patent as if they were separate patents."

And in Celluloid Mfg. Co. v. Zylonite, etc., Co. (C. C.) 27 Fed. 291, 294, it was said:

"Each claim of a patent covers a complete invention, and is, in substance, an independent patent."

And in United Nickel Co. v. California Electrical Works (C. C.) 25 Fed. 475, 479, it was said:

"Each claim is, in effect, a separate and distinct patent; and the right to use one patent does not carry with it the right to use the others without a further license."[1]

But the language above quoted was not meant to apply to a multiplicity of suits on the same patent against the same person for the same alleged infringement. The court is not here required to decide that a patentee may not by appropriate pleadings split up his patent so as to harass a competitor by many suits in the case supposed. Unreasonable as this practice appears, this court has no present need to decide against it. In the first case, the pleadings covered the whole patent, and did not discriminate between its claims. The selection of claims 5 and 9 was informal, and served merely to direct the attention of this court, and of the Circuit Court of Appeals, to the gist of the complainant's argument. The failure to press a point in argument does not invalidate a judgment rendered upon a matter not pressed, although the concession made at the argument be later supposed to have been ill advised.

In order to decide the case at bar, this court is not required to hold that the claims of the Marshall patent other than 5 and 9 are invalid quoad infringements unlike those litigated in the first suit. The fact that this court here holds that a decree against a complainant, without discrimination between claims, establishes that no claim has been infringed by the act complained of, does not logically require this court to hold that a decree for a complainant, without discrimination between claims, establishes the infringement of all of them. This court here decides only that, where a patent of several claims is made the basis of a bill in equity to restrain its infringement, where the bill makes no discrimination between the claims and is dismissed generally upon the merits, then the complainant may not thereafter, by another bill, seek to restrain the same defendant from doing the acts complained of in the first suit, merely by alleging in his later bill an infringement of certain claims not pressed in the argument of the first suit nor mentioned in the opinion of the court. In the case

[1] See, also, Leeds & Catlin v. Victor Talking Mach. Co., 213 U. S. 305, 319, 29 Sup. Ct. 495, 53 L. Ed. ——, decided since Bryant Electric Co. v. Marshall.

at bar this ruling is sufficient to sustain the complainant's contention. As between the parties to the first suit, the question which Marshall sought to raise in the second suit was res judicata. In Penfield v. Potts Co., 126 Fed. 475, 478, 61 C. C. A. 371, 374, the "precise device alleged to be an infringement" was not the same.

2. Was the Bryant Company a party to the first suit? It was a manufacturer which undertook the defense of a suit for infringement brought against one of its customers. Without opposition, the following entry was made in that suit:

"It is further stipulated and agreed, for the purposes of this suit, that the Bryant Electric Company is defending this suit."

These facts bring the case at bar within Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 329, 16 Sup. Ct. 564, 40 L. Ed. 712; Robbins v. Chicago City, 4 Wall. 657, 18 L. Ed. 427; Miller v. Tobacco Co. (C. C.) 7 Fed. 91; Eagle Mfg. Co. v. Miller (C. C.) 41 Fed. 351, 357; David Bradley Co. v. Eagle Co., 57 Fed. 980, 6 C. C. A. 661; Sacks v. Kupferle (C. C.) 127 Fed. 569; D'Arcy v. Staples & H. Co., 161 Fed. 733, 737, 88 C. C. A. 606.

Hence it follows that, in the first and third suits, the issue and the parties were the same. Therefore Kessler v. Eldred applies. Demurrer to be overruled. Motion for injunction granted.

