## CONFECTIONERS' MACHINERY & MFG. CO. v. PANOUALIAS.

(Circuit Court of Appeals, Second Circuit.   May 8, 1911.)

### No. 248.

PATENTS (§ 328*)—INFRINGEMENT—CANDY-COATING MACHINE.

A judgment based on the verdict of a jury finding infringement of the Panoualias patent, No. 685,790, for a candy-coating machine, affirmed.

In Error to the Circuit Court of the United States for the Southern District of New York.

Action at law by Panayiotis Panoualias against the Confectioners' Machinery & Manufacturing Company.   Judgment for plaintiff, and defendant brings error.   Affirmed.

William Quinby and Marcus B. May, for plaintiff in error.

Ferdinand E. M. Bullowa (Emilie M. Bullowa, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge.   The plaintiff sues at law to recover damages for infringement of claims 27, 28, 37, and 38 of United States letters patent No. 685,790 issued to him November 5, 1901, for a candy-coating machine.   The only issue involved is infringement.   The jury rendered a verdict for $1 in favor of the plaintiff.   The defendant sues out a writ of error from the judgment entered thereon.

The art of coating candies is old, and is of two kinds, viz., dipping and flooding.   By the first the candy cores to be coated are dipped into a tank of hot chocolate and then lifted out.   By the second the chocolate is poured over the cores.   In either case the surplus chocolate must be shaken off, and there are various devices for doing so.   The machines of the plaintiff and of the defendant belong to the flooding class.   The claims involved are as follows:

"27. In a machine for coating candies, a chocolate receptacle, a hopper provided with a transverse screen, means for conveying the chocolate from said receptacle into said hopper, an agitator frame mounted in front of and beneath said hopper, a basket or dipping frame adapted to receive candies to be coated, and also adapted to be placed over said agitator frame, and devices for conveying chocolate from said hopper, and distributing it over said basket or dipping frame, substantially as shown and described.

"28. In a machine for coating candies, a chocolate receptacle, a hopper mounted over said receptacle, means for conveying chocolate over said receptacle into said hopper, an agitator frame mounted in front of and beneath said hopper, and provided with a screen, a basket or dipping frame adapted to be placed on said agitator frame and adapted to hold candies to be coated, devices for conveying chocolate from said hopper and distributing the same over said basket or dipping frame and the candies held therein, and a chute

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

placed beneath the agitator frame and communicating with the chocolate receptacle, substantially as shown and described."

"37. In a machine for coating candies, a chocolate receptacle, an agitator frame mounted in front of and above said receptacle and provided with a screen, a basket or dipping frame adapted to receive candies and to be placed over said agitator frame, and devices for conveying the chocolate from the chocolate receptacle, and for distributing the same over the basket or dipping frame and over the candies therein, substantially as shown and described.

"38. In a machine for coating candies, a chocolate receptacle, an agitator frame mounted in front of and above said receptacle and provided with a screen, a basket or dipping frame adapted to receive candies and to be placed over said agitator frame, and devices for conveying the chocolate from the chocolate receptacle, and for distributing the same over the basket or dipping frame and over the candies therein, and a chute supported beneath the agitator frame and in communication with the chocolate receptacle, substantially as shown and described."

It will be noticed that the claims are for a combination and that the means for conveying the chocolate from a receptacle into the hopper and for conveying the chocolate from the hopper onto the cores is not specifically described. The plaintiff contends that the chief value of his invention consists in the element of the combination described as "an agitator frame mounted in front of and beneath said hopper (or alternatively in front of and above the chocolate receptacle) and provided with a screen, a basket or dipping frame adapted to be placed on said agitator and adapted to hold candies to be coated." He alleges that the defendant employs an equivalent of his agitator frame in its belt-tapping device.

Agitation was old in the art, but previous devices had agitated the cores only after the flooding. The plaintiff was the first person to construct a machine which shook the cores while the chocolate was passing over them, as well as afterwards. And there is testimony that this makes a much better coated candy. The plaintiff places the cores in a wire tray, which is agitated while the chocolate falls upon them from a hopper above and behind. The defendant, on the other hand, carries the cores on a wire-traveling belt to, through, and beyond a stream of chocolate, and agitates the belt by a device under it called a belt tapper.

The defendant's machine did not infringe claims 27 and 28, because both of them include as an element "devices for conveying the chocolate from [the] hopper and distributing it over [the] basket or dipping frame." There are no such devices in defendant's machine. The chocolate falls directly upon the traveling belt through holes in the hopper. Defendant, however, asked for no separate instruction as to these claims. His request was for an instruction "that the scope of the claims sued, *or any of them,* cannot be extended to embrace defendant's structure." Claims 37 and 38 do not include devices for conveying from the hopper, but only "devices for conveying the chocolate from the *chocolate receptacle* and for distributing the same over the basket." Such devices are present in defendant's machine. There was much testimony as to the practicability of the plaintiff's patent and as to the equivalency of the defendant's belt tapper with the plaintiff's agitator frame and whether the belt tapper was intended to do and did do what the agitator frame does. The verdict of the jury solved these questions in the plaintiff's favor.

The assignments of error are all to the effect that the court should, construing the claims with reference to the prior art and to the proceedings in the Patent Office, have held as matter of law that they did not cover the defendant's structure, and therefore have directed a verdict for defendant. We think he was right in refusing to do so. No exceptions were taken to his instructions to the jury, and, they having rendered a verdict in favor of the plaintiff, the judgment is affirmed.