PANOUALIAS v. NATIONAL EQUIPMENT CO. (two cases).

(Circuit Court of Appeals, Second Circuit. November 17, 1920.)

Nos. 48, 49.

1. Action ⬥⟾53 (1)—Cause of action for infringement of patent cannot be split.

In a suit in equity for infringement, where an amended bill is broad enough to cover infringement by a new construction adopted by defendant pending the suit, a waiver by complainant of any claim for profits and damages does not entitle him to maintain actions at law against defendant or its customers to recover damages for infringement by the new machine.

2. Judgment ⬥⟾592—All claims for infringement of patent should be included in one suit.

If different claims have been infringed, it is the patentee's duty in his suit for infringement to set forth all such clams for adjudication; and the rule is the same in respect of damages and profits arising from infringements not presented, but which might have been presented.

Appeals from the District Court of the United States for the Southern District of New York.

Suit in equity by Panayiotis Panoualias against the National Equipment Company. Complainant appeals from an order granting an injunction, and defendant appeals from an order denying an injunction. Affirmed on complainant's appeal, and reversed on defendant's appeal. See, also, 188 Fed. 211, 110 C. C. A. 430; 198 Fed. 493; 227 Fed. 1008.

· The patent in question was granted to Panoualias (No. 685,790), and defendant is and long has been the manufacturer of alleged infringing devices. The patent expired November 12, 1918. Prior to 1910 Panoualias sued Confectioners' Company on the patent at law, claiming infringement of four claims. He obtained a judgment for nominal damages. Confectioners' Company took a writ therefrom to this court, and the judgment was affirmed in 110 C. C. A. 430, 188 Fed. 211, with a holding that claims 37 and 38 had been infringed and were the only ones applicable.

December 22, 1910, this suit was begun, being an ordinary patent proceeding to obtain the usual relief in respect of infringing machines sold after the date of the action at law. Prior to 1912, defendant, which had been making and selling what may be called the "single belt machine," changed its device, and made and sold, and has since continued to sell, what may be called the "divided belt machine." July 1, 1911, and after our affirmance of the judgment at law, plaintiff amended his bill, claiming broadly to recover for any infringement of claims 37 and 38, and on March 26, 1912, filed a supplemental bill reiterating that demand for relief.

. In May, 1912, this cause was tried in open court and an opinion rendered to the effect that plaintiff was entitled to an injunction and an accounting in respect of all acts of infringement occurring after the beginning of the aforesaid action at law. 198 Fed. 493. June 15, 1912, interlocutory decree entered, enjoining defendant from any infringement of claims 37 and 38, and appointing a master to take an account. Since that time the accounting has proceeded, and no final decree has ever been entered.

Immediately on the expiration of the patent, plaintiff began an action at law to recover damages from the defendant for infringing the patent aforesaid. The prosecution of this action was enjoined on defendant's motion by the first order appealed from; plaintiff appealing.

. In July, 1919, plaintiff began three other actions at law, against as many customers of the defendants, likewise to recover damages for infringement of said patent but by use of infringing devices. Defendant thereupon applied for the issuance of an injunction restraining the prosecution of such actions. This application was denied by the second order appealed from; defendant appealing.

Frank C. Briggs and S. Michael Cohen, both of New York City, for plaintiff.

Wm. Quinby, of Boston, Mass., and Livingston Gifford, of New York City, for defendant.

' Before WARD, HOUGH, and MANTON, Circuit Judges. '

HOUGH, Circuit Judge (after stating the facts as above). The propriety of the orders under review depends upon whether infringement by the "divided belt" machine is or is not involved in this suit in equity. When plaintiff, having acquiesced in the decision of this court (110 C. C. A. 430, 188 Fed. 211), filed his supplemental bill so as to claim broadly for any infringements of claims 37 and 38, it is plain that, not only was defendant making and selling the "divided belt" machine, but plaintiff knew it.

When the cause came to trial, plaintiff took the position that he would not "demand for profits or damages" in respect of the "divided belt" device, but would "simply ask the ordinary injunction against the infringement of claims 37 and 38." Apparently his reason for this proceeding was that, if he had "an injunction [he could] proceed to punish for contempt if it is violated"; and his counsel stated, that proceedings under the injunction were "the proper place to determine whether the change is substantial or colorable, and whether the new

machine is contrary to the injunction restraining them from infringing these two claims of our patent."

The court permitted the trial to proceed on these terms, and by its interlocutory decree of June 15th ordered a recovery of the profits, etc., derived by defendant through "the manufacture or sale of candy-coating machines substantially like the defendant's machine in said action at law in infringement of claims 37 and 38." The situation was not changed by this language, for if the "divided belt" machine was substantially the device of claims 37 and 38, it was also the equivalent of the "single belt" machine, which was the infringement proved in the action at law.

This decree also directed the issuance of a perpetual injunction, which was to be directed generally against machines embracing "the invention described in claims 37 and 38." We have no evidence before us that such injunction was ever issued, but the preliminary injunction issued after our affirmance of the action at law, and still in force, is equally broad, and plainly covers *any* machine which in any way infringes claims 37 and 38.

We are thus satisfied as matter of fact that plaintiff, during the pendency of this plenary suit against one alleged to infringe by manufacturing and selling, has instituted against the same defendant an action at law to recover a portion of what he is entitled to in this suit, and three actions at law against customers of the defendant knowing them to be such customers, while knowing that defendant had assumed to defend its customers' use. It is avowed in argument that the reason for this multiplication of suits is a preference for proceeding before a jury.

[1] Plaintiff's legal proposition is in effect that, by not demanding (i. e., waiving) profits and damages in respect of the divided-belt device, while insisting on an injunction which restrained its manufacture, sale, and use, he reserved the right to sue elsewhere. No authority exists for such splitting of action, and it is opposed to fundamental rules; for a cause, once properly in a court of equity for any purpose, will ordinarily be retained for all purposes. Camp v. Boyd, 229 U. S. 552, 33 Sup. Ct. 785, 57 L. Ed. 1317. A "waiver" of pecuniary recovery made at trial, while insisting on injunction, cannot be construed as a lawful segregation for future litigation of the recovery waived. Indeed, waiver implies abandonment, not reservation for future use.

The methods of testing a changed infringement have been recently considered in this court, and where the change is more than merely colorable we adhere to our preference for a supplemental bill. Gordon, etc., v. Turco, etc., Co., 247 Fed. 490, and cases cited, 159 C. C. A. 541. In this case there was no necessity for such proceeding, because the original bill was so amended, after the change in defendant's device was well known, as to cover any and all infringements, whether by a single or a divided belt, and both alleged infringements were before the court at the time of the trial.

[2] Even if it were suggested (as it is not) that there are claims other than Nos. 37 and 38 which may be infringed by the divided belt

machine, since that device was before the trial court, it was the duty of plaintiff then and there to put forth all the claims that were infringed. Bryant Electric Co. v. Marshall (C. C.) 169 Fed. 426, affirmed 185 Fed. 499, 107 C. C. A. 599. And the rule is the same in respect of damages and profits arising from infringements, not presented to the trial court, but which might have been so presented. Horton v. New York Central, etc., Co. (C. C.) 63 Fed. 897.

It follows that the order entered April 29, 1919, was right, and is affirmed, with costs.

Since in this case the reference to the master has not yet been considered, it cannot now be said how full a recovery plaintiff will obtain; and it is certainly true that it must be decided in this case whether the divided belt machine does or does not infringe claims 37 and 38; and the users defendant, in the actions complained of, employ that style. Until such decision is reached, the actions against users must be stayed, as in Stebler v. Riverside, etc., Ass'n, 214 Fed. 550, 131 C. C. A. 96, L. R. A. 1915F, 1101.

The order of January 9, 1920, is reversed, with costs, and the court below directed to enjoin the prosecution of plaintiff's actions against defendant's customers until the termination of this present suit in equity.