JOSEPH J. SALITURO, Corporation Counsel, Kenosha County
You ask several questions relative to procedure in recovering assignments of personal injury claims under sec. 49.65 (1), Stats., from recipients of public assistance.
Your first question is whether the county is a necessary party in an action to recover damages for the injury. Section 803.03
(2), Stats., which became effective January 1, 1976, provides in part:
 "(a) JOINDER OF RELATED CLAIMS. A party asserting a claim for affirmative relief shall join as parties to the action all persons who at the commencement of the action have claims based upon subrogation to the rights of the party asserting the principal claim, derivation from the principal claim, or assignment of part of the principal claim. . . . Any party asserting a claim based upon subrogation to part of the claim of another, derivation from the rights or claim of another, or assignment of part of the rights or claim of *Page 120 
another shall join as a party to the action the person to whose rights he is subrogated from whose claim he derives his rights or claim, or by whose assignment he acquired his rights or claim.
 "(b) OPTIONS AFTER JOINDER. Any party joined pursuant to par. (a) may 1. participate in the prosecution of the action, 2. agree to have his interest represented by the party who caused his joinder, or 3. move for dismissal with or without prejudice. If the party joined chooses to participate in the prosecution of the action, he shall have an equal voice with other claimants in such prosecution. If he chooses to have his interest represented by the party who caused his joinder, he shall sign a written waiver of his right to participate which shall express his consent to be bound by the judgment in the action. Such waiver shall become binding when filed with the court, but a party may withdraw his waiver upon timely motion to the judge to whom the case has been assigned with notice to the other parties. A party who represents the interest of another party and who obtains a judgment favorable to such other party may be awarded reasonable attorneys fees by the court. . . ."
The note of the judicial council to sec. 803.03 (2), states in part:
 "Sub. (2) is new. It is intended to foster economy of judicial effort by requiring that all `parts' of a single cause of action whether arising by subrogation, derivation, or assignment, be brought before the court in one action."
The foregoing statute incorporated requirements similar to those for subrogation previously laid down in Heifetz v. Johnson
(1973), 61 Wis.2d 111, 211 N.W.2d 834. Section 803.03, Stats., applies generally to all actions. It could be superseded by a specific statute with conflicting provisions. Such a conflict does not exist here. Section 49.65, Stats., which relates specifically to assignments to the county of personal injury claims of recipients of public assistance, provides in pertinent part:
 ". . . This assignment shall not divest any such recipient of his right to control the cause of action and any litigation in connection therewith that he may elect to assert. The unit of government extending public assistance shall in no way represent said recipient in this matter." *Page 121 
Control of an action was defined in Rohm Haas Company v.Chemical Insecticide Corp. (D.C. Del. 1959), 171 F. Supp. 426,429, following Miller v. Liggett Meyers Tobacco Co. (C.C.E.D. Mo. 1881), 7 F. 91, 92-93, as, ". . . the right to make motions, offer evidence, cross examine witnesses, or take an appeal. . . ."
If the right of the recipient of public assistance to "control" the litigation under sec. 49.65, Stats., were in conflict with the right of the county as assignee to "participate in the prosecution" under sec. 803.03 (2) (a), it would be necessary to resort to judicial rules of statutory construction to determine which prevailed.
It is a general rule, however, that statutes must be construed, wherever possible, to avoid conflict.
 Brunette v. Bierke (1955), 271 Wis. 190, 72 N.W.2d 702; Moran v. Quality Aluminum Casting Co. (1967), 34 Wis.2d 542, 150 N.W.2d 137; Raisanen v. Milwaukee (1967), 35 Wis.2d 504, 151 N.W.2d 129.
I believe that secs. 803.03 (2) and 49.65 can be construed to give effect to both. Construing sec. 803.03 (2) in the light of sec. 49.65 gives the county the right to participate in the action to the extent necessary to protect its claim while the assignor of the claim controls the action to the extent necessary to enforce his rights.
In conclusion, the county which has taken an assignment of a claim under sec. 49.65 is a necessary party to an action by the assignor to enforce that claim and as owner of a claim by assignment may bring action in its own name if necessary.
Your second question is whether the county is bound by an agreement made by its assignor for contingent attorneys fees.
This, too, is partially covered by the new sec. 803.03 (2) which provides in pertinent part:
 ". . . A party who represents the interest of another party and who obtains a judgment favorable to such other party may be awarded reasonable attorneys fees by the court. . . ."
This language follows the rule laid down by the court in StateFarm Mut. Automobile Ins. Co. v. Geline (1970), 48 Wis.2d 290,179 N.W.2d 815. *Page 122 
It is impossible to predict what might be found to be reasonable attorney fees in any given case, but presumably that finding would be affected by whether an attorney representing the county participates in the action. In any event, the court in determining a reasonable fee for the portion of the recovery assigned to the county would not be bound by an agreement of the recipient assignor. The award of costs in such a case would be governed by sec. 271.23, Stats.
Your third question is whether the county may accept a partial settlement of its claim where the recipient assignor accepts a compromise of his claim.
Since the county's claim is for a fixed amount, it cannot be satisfied by payment of a lesser sum without some other consideration, according to Holman Mfg. Co. v. Dapin (1923),181 Wis.2d 97, 193 N.W.2d 986 and Petersime Incubator Co. v. Klinke
(1946), 248 Wis. 166, 21 N.W.2d 377.
The general rule is stated in 15A C.J.S. Compromise andSettlement, sec. 9, pp. 198-200, that:
 "Except where it is otherwise provided by statute, and except where the rule has been expressly repudiated by judicial decision, it appears to be well settled that an agreement of a creditor to accept less than the amount due on a liquidated or undisputed claim is ineffectual, unless based on a new consideration, such as the payment of the lesser sum before the debt is due, the insolvency of the debtor, or the forbearance of an insolvent debtor's right to go into bankruptcy."
The latter type of exception seems significant in connection with claims under sec. 49.65, Stats. Presumably, the assignor of a claim under sec. 49.65 would not have received assistance if he had assets out of which to pay his medical bills. In a case in which he cannot hope to obtain a judgment large enough to bring him a substantial surplus over the county's claim, a compromise of that claim may be necessary to obtain his cooperation in prosecuting the suit. Cooperation of the recipient of the medical assistance might be essential to securing judgment even if the county were to bring suit as plaintiff, joining the assignor as a defendant. Such cooperation could constitute additional consideration supporting a compromise between the county and the assignor-recipient whereby the county obtains a partial payment which could not otherwise be collected. *Page 123 
I am informed that the Department of Health and Social Services has published no rule with respect to compromises under sec. 49.65 of the statutes. If a compromise is valid under judicial rules, the Department of Health and Social Services and its auditors would be obligated to recognize it. It would probably be desirable, however, to obtain the department's consent to compromises so as to avoid questions being raised in its audits.
BCL:BL