COMMERCIAL ACETYLENE CO. v. AVERY PORTABLE LIGHTING CO.

(Circuit Court of Appeals, Seventh Circuit. February 5, 1908.)

No. 1,364

INJUNCTION—SUBJECTS OF INJUNCTION—ENJOINING MULTIPLICITY OF SUITS FOR INFRINGEMENT OF PATENT.

Where the owner of a patent has brought suit against a rival manufacturer to enjoin infringement, and to recover profits and damages on account of the manufacture and sale of an alleged infringing device, in which suit both the validity of the patent and infringement are put in issue, the court has power on a proper showing to enjoin the complainant from instituting a multiplicity of suits in different parts of the country against customers of the defendant, who are charged with infringement solely by reason of the sale or use of the defendant's device, until the issues are determined in the principal suit before it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 31.]

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

For opinion below, see 152 Fed. 642.

George H. Mitchell, for appellant.

Walter H. Chamberlin, for appellee.

Before BAKER and SEAMAN, Circuit Judges, and SANBORN, District Judge.

PER CURIAM. This appeal is from an order of the Circuit Court enjoining the appellant, as complainant below, "from bringing any further suits, either in law or in equity, against the purchasers or users of the defendant's tanks, for infringement of complainant's patents," pendente lite. The order was granted upon petition of the appellee, as defendant in a bill filed by such complainant in the court below, charging the defendant with manufacturing and selling apparatus which infringed letters patent owned by the complainant; and the opinion filed by Judge Quarles thereupon, with statement of the circumstances involved, is reported in 152 Fed. 642, 644. Reference to such report is deemed sufficient for an understanding of all questions presented for review, and we are content to rest affirmance of the order upon that opinion, with remark upon the case of Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065 (decided since the hearing below), as plainly upholding jurisdiction in equity for like relief, in favor of the manufacturer, primarily sued for infringement, to prevent complication and injury in further suits against purchasers from him of the alleged infringing article. Whether the injunction should issue depends upon the equities presented, and the above-cited case exemplifies and confirms the view that sufficient cause appeared for the present order.

The order of the Circuit Court, accordingly, is affirmed.