STEBLER v. RIVERSIDE HEIGHTS ORANGE GROWERS' ASS'N et al.

(Circuit Court of Appeals, Ninth Circuit. May 30, 1914.)

No. 2394.

INJUNCTION (§ 26*)—RESTRAINING INFRINGEMENT SUITS—SUITS AGAINST BOTH MANUFACTURER AND USERS—STAY.

Where the owner of a patent who derives his profit from the manufacture and sale to users of the patented machines has recovered a decree against a manufacturer of infringing machines for an accounting for both damages and profits, he is not entitled to maintain suits against users of machines so sold by defendant, and, where such suits would be likely to cause irreparable injury to the business of defendant, the court in the principal suit may properly enjoin the bringing or prosecution of such suits until the rendition of final decree on the accounting.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*]

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Olin Wellborn, Judge.

Suit in equity by Fred Stebler against the Riverside Heights Orange Growers' Association and George D. Parker. From a temporary restraining order, made on petition of defendants, enjoining the prosecution by complainant of other suits for infringement of the Gamble

reissue patent, No. 12,297, for a fruit grader, complainant appeals. Modified and affirmed.

For opinion below, see 211 Fed. 985.   See, also, 205 Fed. 735, 124 C. C. A. 29.

On May 24, 1910, the plaintiff filed his bill of complaint in the court below wherein he alleged, among other things, that there had been duly issued to him and to one Austin A. Gamble, by the United States of America, reissue patent No. 12,297, for a fruit grader; that subsequent thereto Austin A. Gamble had sold, transferred, and assigned to the plaintiff all his right, title, and interest in and to the letters patent and that the plaintiff was the sole and exclusive owner thereof; that notwithstanding the issuance of the letters patent, the defendants, without the consent of the plaintiff, and in violation of the letters patent owned by him, had made and used, and had sold to others to be used, fruit graders embracing and containing the invention described, claimed, and patented in the letters patent owned by the plaintiff.   The plaintiff asked for an injunction, restraining and prohibiting the defendants from further infringing upon the letters patent owned by him, and, further, that the defendants be decreed to account for and pay over unto the plaintiff all damages suffered by him by reason of the infringement of his patent and also all profits realized by the defendants by reason of such infringement.   The defendants answering denied the validity of the plaintiff's patent and denied infringement, and in an amendment to the answer they alleged that the device manufactured, sold, and used by the defendants was made under and in accordance with the invention embodied in United States letters patent No. 997,468, granted to George D. Parker under date of July 11, 1911, for an improved fruit sizer or grader.   Such proceedings were thereupon had in the court below that on September 30, 1912, a final decree was entered therein, wherein it was ordered and decreed that the plaintiff's bill be dismissed, that court holding that claims 1 and 10 of the patent issued to the plaintiff (the only claims involved in the suit) were valid in law, but that they had not been infringed by the defendants.

An appeal to this court was taken by the plaintiff from the judgment entered against him in the court below, and by a decree entered herein on June 12, 1913; the judgment of the court below was reversed, and the cause remanded, with instructions to grant the relief prayed for in the plaintiff's bill.   Stebler v. Riverside Heights Orange Growers' Ass'n, 205 Fed. 735, 124 C. C. A. 29.

Thereafter a petition for a writ of certiorari was presented by the defendants to the Supreme Court of the United States.   The petition was denied.

On November 7, 1913, pursuant to the mandate of this court, an interlocutory decree was entered in the court below vacating and setting aside the judgment dismissing the plaintiff's bill theretofore entered in that court.   By the interlocutory decree it was ordered that the plaintiff recover of the defendants, and each of them, the profits, gains, and advantages which the defendants, and each of them, had derived, received, or made by reason of the infringement of the plaintiff's patent, and that the plaintiff recover from the defendants, and from each of them, any and all damages which the plaintiff had sustained or should sustain by reason of the infringement by the defendants, or either of them.   The interlocutory decree further provided that the cause be referred to a master to take and state the account of such gains, profits, and advantages, and to assess such damages, and to report thereon with all convenient speed.   The defendants, together with their agents, clerks, and employés, were required by the interlocutory decree to attend before the master from time to time, and to produce before him such books and papers as he might require.

No proceedings appear to have been taken by the plaintiff pursuant to this decree.

On November 25, 1913, the defendants filed a petition in the court below setting forth the various proceedings hereinabove set forth, and alleging that subsequent to the rendition of the decree of this court, and before the entry of the interlocutory decree in the court below in compliance therewith, the

plaintiff had instituted in the lower court 27 suits in equity, based upon the reissue patent owned by him, against various defendants particularly set forth in the petition, as infringing users of fruit graders which had been manufactured and sold by the defendants prior 'to the entry of the interlocutory decree in the court below. It was further alleged in the petition that all of the defendants in the suits were customers of the defendants, and that the acts of infringement complained of in and sought to be enjoined by the suits, were the use by the defendants therein of fruit graders manufactured by the defendants herein and sold by them to the defendants named in the suits mentioned in the petition; that all of such machines were subject to the accounting against the defendants to be had under the interlocutory decree entered in the court below; that the plaintiff had threatened to bring many similar suits against the customers of the defendants and that unless restrained by the court the plaintiff would bring and prosecute such suits; that the defendants were financially able to respond to any judgment which might be rendered against them on the accounting ordered in this suit, and, that inasmuch as all of the machines complained of in the suits were made and sold by them, they were all subject to the accounting ordered by the interlocutory decree entered in the court below; that the plaintiff was a manufacturer and seller of the patented machines, and was not a user of the same, and that he derived his profit from his patent solely by the manufacture and by the unconditional sale direct to the users of the patented machines; that, upon the satisfaction by the defendants of any judgment that might be finally rendered against them upon the accounting to be had herein, the infringing machines manufactured and sold by them to their customers would be released from the patent monopoly and the defendants in the various suits instituted and threatened to be instituted by the plaintiff would not be liable to the plaintiff; that if the plaintiff was not restrained by the court from continuing the prosecution of the suits set forth in the petition, and from bringing other suits of like nature against the customers of the defendants, irreparable injury and damage would result to the defendants by the loss to them of their customers, who, on account of the harassment, annoyance, and expense occasioned by the acts of the plaintiff, would cease to patronize them in their general business, and in the purchase of other machinery for packing houses, of various kinds and natures, in which the petitioners were dealers. The relief prayed for was that the plaintiff be enjoined from further prosecuting the suits set forth in the petition, and from bringing any additional suits of like nature, against the customers of the defendants, for the infringement of the letters patent owned by the plaintiff; the injunction order to be continued until the rendition of the judgment of the court below upon the master's report on the accounting ordered herein.

On February 18, 1914, an order was entered in the court below adjudging and decreeing that the defendants' motion that the plaintiff be enjoined and restrained from any further prosecution of those certain suits set forth in the petition, and from bringing any other suit or suits against users of machines manufactured in substantial accordance with letters patent of the United States No. 997,468, be allowed.

The present appeal is prosecuted from the last-mentioned order.

Frederick S. Lyon, of Los Angeles, Cal., for appellant.

Nicholas A. Acker and William F. Booth, both of San Francisco, Cal., for appellees.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

MORROW, Circuit Judge (after stating the facts as above). 1. The plaintiff is a manufacturer and seller of the machines covered by his patent, and the sole profits which he derives from his patent are those arising from the manufacture and sale of the machines covered thereby. The suits brought by the plaintiff, and sought to be enjoined

by the petition of the defendants, are against users of machines which had been manufactured and sold by the defendants prior to the rendition of the opinion of this court and the entry of the interlocutory decree in the lower court pursuant thereto.

The theory of the defendants' petition is that, under the accounting ordered in the interlocutory decree entered in the court below, the plaintiff would receive full compensation for all infringing machines which had been manufactured and sold by the defendants in violation of the plaintiff's patent; that such machines would be thereafter released from any claim on the part of the plaintiff by virtue of his patent; and that the plaintiff, pending the entry of the final judgment against the defendants in this suit, is not entitled to bring or maintain any suits against the persons or corporations, customers of the defendants, to whom the infringing machines had been sold by the defendants, and who were users of them at the time of the institution of the various suits sought to be enjoined.

The defendants were manufacturers of and general dealers in machinery of various kinds used in the business of fruit packing, and it is not to be denied that the institution and prosecution of the suits set forth in the petition, and similar suits, against customers of the defendants, would have the effect of harassing and annoying the defendants' customers; that they would be put to heavy expense; and that the probable outcome would be the loss to the defendants of the patronage of such customers and the consequent depreciation and destruction of their business as dealers in packing house machinery and supplies.

The bill of complaint filed by the plaintiff in this case asked that the defendants be decreed to account for and pay over unto the plaintiff the gains and profits realized by the defendants from and by reason of the infringement, and, further, that the defendants be decreed to account for and pay over unto the plaintiff the damages suffered by him by reason of the infringement; and the interlocutory decrees entered in the court below provided:

"That complainant recover of the defendants, and each of them, the profits, gains, and advantages which said defendants, and each of them, have or has derived, received, or made, by reason of said infringement, and that the complainant recover of the said defendants, and each of them, any and all damages which complainant has sustained or shall sustain by reason of said infringement by defendants, or either of them."

Pursuant to this decree, the matter was referred to a master of the court to ascertain and report to the court the amount of such damages and also the amount of such gains, profits, and advantages.

There was thus distinctly provided a method whereby the plaintiff might recover all losses suffered by him by reason of the infringement of his patent—those in the nature of damages as well as those in the nature of profits received by the infringing defendants. There is no controversy in the case as to the financial ability of the defendants to respond to whatever judgment might be finally rendered against them upon the final hearing of the case. To permit the plaintiff, under such circumstances, to institute and maintain suits against the customers of the defendants, to whom the infringing machines have passed, would, it is obvious, be harassing, annoying, and expensive, and would place

the plaintiff in a position to maintain the suits to recover full compensation in a double proportion for the losses suffered by him by reason of the infringement. The plaintiff derives his profits from the manufacture and sale of the fruit-grading machines, covered by the patent. These profits consist of the difference between the cost of manufacture and the prices for which he sells the machines. These profits are therefor the only compensation which he receives for the machines manufactured and sold by him during the entire life thereof. When final judgment is entered against the defendants pursuant to the accounting which has been ordered against them, the plaintiff will receive thereunder full compensation for the·use of the machines by the vendees of the defendants herein for such period as they are capable of being used, in the same manner and to the same extent as he would have done had he sold the machines himself. This being true, a decree against the defendants for the profits which they received by reason of the sales of the infringing machines, together with whatever damages the plaintiff may have suffered by reason thereof, must be held to vest the right to the use of the machines in the defendants' vendees free from any further claim by the patentee.

The rule laid down in the case of Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768, which is earnestly commended to our attention by counsel for the plaintiff, is in no respects inconsistent with these views. In that case Birdsell had brought a suit in equity for infringement of his patent, against the Ashland Machine Company, a manufacturer and seller of the machines covered by his patent. A perpetual injunction had been decreed and the case had been referred to a master before whom damages sustained by Birdsell were proved and claimed. The master reported that the Ashland Machine Company had made no profits for which it should account, and that if any damage had been sustained it had been sustained by the Birdsell Manufacturing Company, a stranger to the suit, and a corporation to whom Birdsell had granted an exclusive license to make, vend, and use his invention. The master accordingly reported that Birdsell was entitled to recover only $1 as nominal damages. Subsequently Birdsell, together with the Birdsell Manufacturing Company, brought suit against one Shaliol and another, who had used one of the machines manufactured by the Ashland Machine Company, and which was embraced in the master's report in·the former suit against that company. The defendants contended that the second suit was barred by the recovery of nominal damages by Birdsell in the former suit against the manufacturing company. The Supreme Court held that a judgment for and payment of nominal damages in favor of a patentee upon a bill in equity against one person for making and selling a patented machine was not a bar to a subsequent suit by the patentee against another person for afterwards using the same machine, within the term of the patent. The court then added:

"If one person is in any case exempt from being sued for damages for using the same machine for the making and. selling of which damages have been recovered against and paid by another person, it can only be when actual damages have been paid, and upon the theory that the plaintiff has been deprived of the same property by the acts of two wrongdoers, and has received

full compensation from one of them. In that view, the case of the patentee, whose right of property under his patent has been invaded, would be analogous to that of one from whom personal property had been taken."

In the present case, not only has it been decreed that the plaintiff is entitled to actual damages suffered by him by reason of the infringement of his patent, but he has also been awarded the profits received by the defendants by reason of such infringement. It therefore falls within the rule stated by the court that if the plaintiff has been deprived of his property by two wrongdoers, and has received full compensation from one of them, the other is exempt.

We find the case of Allis v. Stowell (C. C.) 16 Fed. 783, an authority upon this question. It was held in that case that, where a patentee recovers from an infringing manufacturer full damages and profits on account of the infringement, the purchaser from such manufacturer, who is a user of the machine, will be protected in such use against a suit for infringement, as he would be if he were a licensee from the patentee. It was also held that to prevent a multiplicity of suits the court may, in a proper case and upon a proper showing, require the prosecution of suits between the patentee and the mere user of a patented machine to be suspended, and await the result of a suit pending between the patentee and the principal infringer, from whom the user purchased the machine.

In the case of National Cash-Register Co. v. Boston Cash Indicator & Recorder Co. (C. C.) 41 Fed. 51, Circuit Judge Colt held that:

"The power of a court of equity, by petition in the main suit against a manufacturer, to restrain a complainant from bringing further suits against the purchasers or users of a patented article, seems to be recognized in this country, and to be founded upon sound principles of equity"—citing a number of cases, including Allis v. Stowell.

In Kelley v. Ypsilanti Mfg. Co. (C. C.) 44 Fed. 19, 10 L. R. A. 686, Judge Brown (afterwards Associate Justice of the Supreme Court of the United States) held that where suits had been brought in other districts against customers of an alleged infringing manufacturer, before suit brought against the latter, the suits in the other districts would not be enjoined because comity demanded that the application should be made to the court in which the suits were pending. The court refers to the decision in Allis v. Stowell, and says it fully concurs in the doctrine of that case, "although we think the application should be made to the courts in which these suits are pending." The court says further:

"There would seem to be, however, no objection to the court in which such actions are brought staying proceedings in them until the validity of plaintiff's patent and the infringement of the defendant have been judicially ascertained in one of the principal suits; and perhaps in an aggravated case of threatened irreparable injury to defendant's business, or, if there were any evidence of malice, oppression, or bad faith on the part of the plaintiff, the court might enjoin temporarily the commencement of new suits."

The doctrine of Allis v. Stowell is not in conflict with Birdsell v. Shaliol, but on the contrary is entirely in accord with that case, and we think states the true doctrine upon the question under consideration.

But the plaintiff contends that the accounting ordered in the interlocutory decree entered in the court below must be limited to the joint acts of the defendants and that such accounting cannot embrace acts of one of the defendants independent of acts of the other defendant. There is no merit in the contention. It arises from a misconception of the decree. The recovery there awarded is for profits and damages against the defendants "and each of them." The plaintiff will under the decree be entitled to receive such profits as may be found to be due to him, as well as such damages as may be found to have been sustained by him, by reason of the acts of infringement of either of the defendants, without regard to the acts of infringement of the other.

2. The prayer of the defendants' petition was for an order enjoining the plaintiff from further prosecuting the several suits set forth in the petition "and from bringing any more suits of like nature against the customers of said Parker for the infringement of said patent by the use of fruit grading machines made and sold to them by said Parker; said injunction order to be continued until the rendition of the judgment of this court upon the master's report on the accounting in the present entitled cause." The order and decree of the court below is that plaintiff "be enjoined and restrained from any further prosecution of those certain suits hereinafter set forth by name of party and number, and from bringing any other suit or suits against users of machines manufactured in substantial accordance with letters patent of the United States No. 997,468." We are of opinion that the order and decree should have provided further, as prayed for in the petition, that the injunction should be "continued until the rendition of the judgment of the court upon the master's report on the accounting" ordered in the interlocutory decree. We are also of opinion that the order and decree enjoining the prosecution of suits by the plaintiff against infringers should be limited in its operation to infringements of complainant's patent by machines constructed under the Parker patent, and by him sold to the users.

The case will be remanded, with directions to the court below to modify the order of injunction entered by it to conform with the views herein expressed, with costs in this court in favor of the appellant and against the appellees.