## SHERMAN, CLAY & CO. v. SEARCHLIGHT HORN CO.

(Circuit Court of Appeals, Ninth Circuit. August 9, 1915.)

No. 2519.

1. ACTION ☞69—RESTRAINING INFRINGEMENT SUIT—SUIT AGAINST SEVERAL DEALERS—JOINT OR INDEPENDENT TORT-FEASORS.

In a suit by the owner of a patent for a horn for phonographs, not a manufacturer of the patented article, to enjoin infringement and for an accounting by a dealer in horns manufactured under the patent selling to retailers and itself purchasing from a vendor purchasing from unknown manufacturers, the defendant was not entitled to a stay of the suit on the grounds that complainant, after its commencement, began a suit to enjoin defendant's vendor from infringement and for an accounting, that otherwise the present suit and other similar suits against purchasers from the same vendor would result in irreparable injury to such vendor, and that the recovery and satisfaction of judgment against such vendor would operate to release the article from the patent monopoly and leave defendant free to deal therein, since all dealers in such patented article without license from the patentee are tort-feasors who may be enjoined from dealing in such article, and since there may be as many causes of action and as many recoveries as there are joint tort-feasors, but only one satisfaction; and since the right to sue independent tort-feasors separately and prosecute to recovery and satisfaction in each case is also clear.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 744–751; Dec. Dig. ☞69.]

2. PATENTS ☞312—SUIT FOR INFRINGEMENT—BURDEN OF PROOF.

In a suit by the owner of the patent to enjoin its infringement by a dealer purchasing from one purchasing from unknown manufacturers, the burden is on the dealer to show that he is dealing with an article un-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

der license from the patentee, or in articles from which the patent monopoly has been released or removed.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 544–549; Dec. Dig. ☞312.]

Appeal from the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Suit in equity by the Searchlight Horn Company against Sherman, Clay & Co. to enjoin infringement of letters patent, No. 771,441, for a horn for phonographs or similar machines granted to Peter C. Nielsen, October 4, 1904, with answer and petition by defendant to enjoin further prosecution of the suit, and for a stay. Petition denied, and stay refused, and defendant appeals. Affirmed.

See, also, 214 Fed. 86.

N. A. Acker, of San Francisco, Cal., and Hector T. Fenton and Frederick A. Blount, both of Philadelphia, Pa., for appellant.

John H. Miller, of San Francisco, Cal., for appellee.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. This is a suit by appellee, the Searchlight Horn Company, against Sherman, Clay & Co., to enjoin the infringement of a patent, and for an accounting for profits realized and damages sustained by reason of the infringement. The complainant is the owner of the patent, and Sherman, Clay & Co. is a dealer in phonographic horns manufactured under the patent, and is selling them to retailers, who sell to users. Sherman, Clay & Co. purchases the horns from the Victor Talking Machine Company, of New Jersey. The Victor Company purchases from certain unknown manufacturers. The complainant is not now a manufacturer of the patented contrivance. Previous to the institution of this suit, complainant sued Sherman, Clay & Co. at law to recover damages for the infringement, and was successful, and in the present suit a preliminary injunction was granted. Both the judgment in the law action and the preliminary injunction in the present suit have been affirmed by this court. The damages sought in the present case are such as the complainant has sustained, since the commencement of the law action, by the continuation of Sherman, Clay & Co. to sell the manufactured article notwithstanding the judgment. Sherman, Clay & Co. answers that it is a purchaser of the horns from the Victor Talking Machine Company, of New Jersey, in good faith, and petitions the court to enjoin further prosecution of the suit, and for a stay thereof, on the ground that the complainant has, subsequent to the commencement of the present suit, instituted a suit against the Victor Talking Machine Company, in the District Court of the United States for the District of New Jersey, to enjoin the Victor Company from infringement and for an accounting, and for damages sustained by reason of the infringement. It is further alleged by the petitioner that, if the Searchlight Horn Company be not restrained from the

further prosecution of the present suit and from bringing other suits of a like nature against purchasers from the Victor Company, irreparable injury will result by the loss to the Victor Company of its customers who, on account of the harassment, annoyance, and expense occasioned by the acts of complainant, will fall away from the Victor Company, and will cease to patronize it in the purchase of any and all machinery and accessories of every kind and nature incident to the talking machine business, and outside of and wholly foreign to the phonographic horns in question, the said Victor Company being a manufacturer and seller of talking machines and accessories thereto, and many other machines and apparatus in line therewith, which have nothing to do with and are wholly foreign to the phonographic horns of the alleged patent in suit; and, further, that it is the purpose of the complainant in bringing such suits to harass and annoy the customers of the Victor Company and the Victor Company itself. The district court denied the petition and refused a stay, and from the order and decree rendered in that respect the defendant appeals.

[1] There is but one question to be determined on this appeal, and that is whether the defendant is entitled to a stay of the proceedings in the present suit until the determination of the suit in New Jersey. The contention of appellant is that, it having purchased from the Victor Company, a recovery against the latter for damages for infringement in disposing of horns manufactured under the infringed patent would operate to release the devices dealt in from the patent monopoly, and henceforth appellant would be at liberty to deal therein as though the patent right had never attached. The proposition includes, not only a recovery against the Victor Company, but a satisfaction of the judgment, and comprises, of course, only such horns as Sherman, Clay & Co. may have purchased from the Victor Company, and for which the latter company shall have discharged damages for infringement in selling the patented article.

The case of Stebler v. Riverside Heights Orange Growers' Ass'n, 214 Fed. 550, 131 C. C. A. 96, decided by this court, is relied upon as supporting the contention. That was a case where a manufacturer of the patented device was sued by the owner of the patent, who was also a manufacturer, both by way of injunction and for an accounting for profits derived from sales and damages arising from infringement. The owner also sued 27 users of the patented device, who had purchased from the alleged infringer. Under the peculiar circumstances of the controversy, the seller being engaged in the sale of other commodities aside from the infringed article, and being amply able to respond in damages covering the entire amount sustainable, it was declared that the owner of the patent should be enjoined from further prosecution of the suits against the users, and from bringing any other suits against users who had purchased from the infringing seller, until the rendition of the judgment upon the master's report on the accounting. This upon the ground that a recovery against the seller would cover all the damages that the holder of the patent would be entitled to recover against either the seller or the user, and that therefore such recovery would operate to release the article from the monopoly of the patent in the hands of the user. That was a

case of a manufacturer who owned the patent against another manufacturer who infringed the patent both in manufacturing and selling. This is a case where the owner of the patent, who is not a manufacturer, is suing a seller for infringement and for an accounting. Whether the difference in the situation of the parties would entail a difference in the measure of damages, and likewise the amount of the recovery, we are not at this time called upon to decide. But, if it be conceded that the recovery would be the same in either case, and that a recovery against a prior seller would operate as a release of the device from the monopoly in the hands of a subsequent dealer in the same articles as previously sold, it must also be conceded that the owner has the lawful right to sue any dealer who is making merchandise of his patented articles. All dealers in such articles without license from the patentee are alike tort-feasors, and all are alike amenable to damages until the patentee is compensated for the damages sustained, and all may alike be enjoined from so dealing in such articles. There may be as many causes of action as there are joint tort-feasors, and as many recoveries, but there can be only one satisfaction. 21 Enc. Pleading and Practice, 806; Lovejoy v. Murray, 3 Wall. 1, 18 L. Ed. 129. The principle was applied in Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768, a case for infringement of a patent. If the tort-feasors are independent, not joint, then the right to sue them separately, and prosecute to recovery and even satisfaction in each case, is equally clear. So that, upon either hypothesis, whether the Victor Company and Sherman, Clay & Co. are joint or independent tort-feasors, the plaintiff has the legal right to pursue either severally to a recovery. Then, if satisfaction be had in one case, it will be time enough to determine whether the infringed articles dealt in are released from the patented monopoly.

[2] It follows, therefore, that, in the present stage of the causes, the defendant in neither cause has a legal or equitable right to have the other cause stayed pending further prosecution. We think it can make no difference if some of the dealers are harassed and annoyed by suits against other dealers where the suits are all against dealers who are prima facie in equal wrong, and the burden is upon the dealer to show that he or it is dealing with an article under license from the patentee, or in articles from which the patent monopoly has been released or removed.

This disposes of the controversy. The decree of the district court denying the injunction prayed should be affirmed, and it is so ordered.