MARCONI WIRELESS TELEGRAPH CO. OF AMERICA v. KILBOURNE & CLARK MFG. CO.

(District Court, W. D. Washington, N. D. February 11, 1916.)

No. 71.

PATENTS ☞305—SUITS FOR INFRINGEMENT—ENJOINING SUITS AGAINST CUSTOMERS OF DEFENDANT.

Where the owner of a patent has brought suit against the manufacturer of an alleged infringing device, in which the questions of validity and infringement are at issue and ready for hearing, such issues should be determined therein, rather than in suits against purchasers of the device, and until they are heard the court may properly enjoin complainant from instituting and prosecuting widely scattered suits against customers of defendant, which it is morally bound to defend, especially when complainant is a strong corporation and defendant a comparatively weak one, and there is evidence tending to show that one purpose of such suits is to injure defendant's business and cause it unnecessary expense.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 499; Dec. Dig. ☞305.]

In Equity. Suit by the Marconi Wireless Telegraph Company of America against the Kilbourne & Clark Manufacturing Company. On application by defendant for temporary injunction. Granted in part.

Sheffield & Betts and James J. Cosgrove, all of New York City, and Peters & Powell and E. C. Hughes, all of Seattle, Wash., for complainant.

Donworth & Todd and E. L. Skeel, all of Seattle, Wash., for defendant.

NETERER, District Judge. On August 14, 1915, suit was filed by complainant against the defendant to enjoin the infringement of two patents, issued August 16, 1898, and June 24, 1904, respectively, and for an accounting, profits, gains, and advantages, and assessing of damages. It is alleged that the defendant, without license of the plaintiff, manufactured, sold, installed, caused to be used, and is still manufacturing, selling, installing, and causing to be used, in this district and elsewhere within the United States, devices, structures, or wireless telegraph apparatus or system, having or embodying in one and the same unitary device the inventions and subject-matter claimed in the letters patent of the complainant. Motion was made for a preliminary injunction, but this, after several continuances, was not pressed, the court indicating that the cause could be assigned for early trial. The defendant filed its answer, in which it denied infringement, and thereafter, on the 1st of December, filed an amended answer to the bill of complaint, in which issue was taken upon the contention of the complainant, and the patents of the complainant attacked. On the 21st of January a supplemental answer, counterclaim, and petition for affirmative relief was filed, in which it is stated, in substance, that since the commencement of the action the complainant has brought three suits against customers of the defendant who have procured from the

defendant and are using wireless telegraph apparatus; said suits being commenced in the United States District Court for the Western District of New York and the Eastern District of New York, and in this district, respectively, and then alleges, in substance, that these suits were commenced for the purpose of annoying and harassing the customers of the defendant, and with a view of destroying its business and "affecting and extending the attempted monopoly on behalf of complainant to gain control of all wireless telegraph apparatus in the United States and foreign countries," and alleges that the complainant is threatening many other suits in the various districts of the United States court, and that such suits are not begun in good faith, but solely for the purpose of oppressing the defendant, and that unless the complainant is restrained from prosecuting further suits and the pending actions are suspended until the issue as to infringement can be determined in this case, the defendant will, by such oppression, be ruined. The complainant has replied, denying that it has in any way wrongfully abused its right, and denying all of the material allegations of the petition. Upon the presentation of this petition, a preliminary injunction was issued, and a show-cause order directed to the complainant to show cause at a stated time why the supplemental answer and petition should not be permitted to be filed and the plaintiff enjoined as prayed for. This matter is now presented upon the petition of the defendant for a temporary injunction.

I think the objection of the complainant to the filing of the supplemental answer should be denied. I think this is permissible under equity rule 34 (198 Fed. xxviii, 115 C. C. A. xxviii). The conceded facts upon the presentation of this motion are that the defendant has been engaged in the manufacture and sale of radio telegraph apparatus for something over one year; that it is doing a growing and profitable business, and has in its employ from 35 to 40 men; that the business of the defendant does not as a rule enter into new avenues of trade, but invades that of the plaintiff; that the complainant does not sell wireless telegraph apparatus, but only leases the same under contract running for a term of years; that the defendant sells outright apparatus manufactured by it; that there is in the shipping world at the present time a great demand for wireless telegraph apparatus, and the filling of such demands constitutes a valuable and profitable business; that the defendant sells on better terms than are afforded by the complainant, and therefore greatly encroaches upon the business of the complainant; that the complainant has erected and is now maintaining 54 land or shore stations located along the Pacific Coast as far north as Alaska, and along the Great Lakes, and along the Atlantic Coast as far south as Florida; that these stations have been erected and acquired at a cost of something over $260,000; that the complainant maintains a force of 110 operators at these shore stations, and has divided these various shore stations into 15 divisions and subdivisions, with headquarters in various designated places, where it employs approximately 35 additional men; that the cost of operating these stations amounts to approximately $125,000 a year; that the complainant company is required to receive messages from what-

ever source transmitted; that, after commencing this action, three other suits were commenced by complainant, one in the Eastern and one in the Western district of New York, and one in this district.

It further appears that a dedimus potestatem was issued for the purpose of taking the depositions of two important witnesses on the part of complainant in New York last December. Counsel for the defendant was advised that it would not be convenient to take the depositions at the time named. Counsel for defendant, however, was present in New York at the time, saw counsel for the complainant, and suggested the taking of the depositions. Counsel for complainant stated that he was not ready to take the depositions. The cause was assigned for trial at a time agreeable to both sides; application was made by complainant for a postponement of the trial to a later date, and several continuances were had, and the cause finally assigned for trial on the 23d of the instant month. Application is now made for a continuance, and one of the reasons for continuance is the absence of the witnesses whose testimony was to be taken by deposition and another witness. It appears that, on the day the last continuance was granted, application was made to one of the District Courts in New York, where the other cases were pending, for a preliminary injunction, and such a showing was made that a preliminary injunction was issued, and thereafter a temporary restraining order granted on default of the defendant, after show-cause order had been served upon one of the users of defendant's apparatus. One of counsel for the defendant was in the city of New York and saw and conversed with parties representing complainant within a few days prior to application for temporary injunction, but no intimation was given to the attorney that the injunction would be sought, and no opportunity afforded to the defendant to arrange for representation at the hearing. Upon the granting of the temporary injunction, without resistance, the plaintiff caused clippings from the press to be reproduced upon a circular with prominent headline, "Infringement Wireless Apparatus to be Removed from Steamship by Order of Court," which headline was surrounded with a heavy, black line, arrow-shaped end pointing to the press clipping, and sent to the Alaska Packers' Association, San Francisco, Cal., and others. At the bar it was stated by the plaintiff that not to exceed 100 of such copies had been printed and used. These clippings indicated that after a hearing the court had found in favor of complainant as against defendant's appliances and ordered the removal of its appliances. Application was also made to Judge Hazel at Buffalo, N. Y., before whom the other Eastern case is pending for an injunction, which was to be heard on the 3d of February, but on account of the pendency of this motion, was postponed until the 14th of this month. The defendant contends that the complainant is about to bring many suits in different districts in the United States. The complainant, at bar, said that only two suits are in contemplation, one at Portland, Me., and one, possibly, at Chicago, Ill. There are other circumstances developed, but not in themselves of sufficient importance to be specifically set out.

The primary and fundamental issue, the foundation of each of the

suits pending, as well as 'those contemplated to be brought, is the validity of complainant's patents, or infringement by the defendant, if such patents are valid. The record shows that one of the patents of complainant expired by limitation within a few days after the filing of the complaint. If the complainant's patents are not valid, or not infringed, no cause of action could be raised against any user of defendant's apparatus; and yet, if suits were prosecuted in different courts from Portland, Me., to Seattle, Wash., before that issue is determined, by a strong plaintiff, a comparatively weak defendant would be driven from the field, not by the rule of right, but rather by the power of might. The issue involving the validity of a patent or infringement should be litigated between the patentee and the principal infringer, when such parties are before the court, and such suit, as stated by Judge Quarles (Commercial Acetylene Co. v. Avery Portable Lighting Co. [C. C.] 152 Fed. 642), should be regarded as the parent suit, where the main issue, for obvious reasons, should be tried. The plaintiff, the patentee, has commenced this action against the defendant, the manufacturer, the principal infringer, in this court. The case is ready for trial and the business of the court accommodated to its trial at this time. It is very apparent that if the trial of this cause is delayed, and the plaintiff, perchance, brings suits in Portland, Me., as contemplated, and at Chicago, Ill., that a great hardship would be placed upon the defendant, who is morally bound to protect its production, and it presents a situation which strongly appeals to the conscience of a chancellor, and as strongly appeals the right of the plaintiff to have its invention protected and saved from infringement by any one, and all of its rights guarded against invasion. There is no question as to a patentee's right to pursue in good faith every infringement; but when the parent suit is at issue and assigned for immediate trial, and the defendant is a small concern, a little more than a year old, whose business, as shown by the record, must necessarily be limited, shall it be said that justice requires that this defendant prepare to meet, in sundry subsequent suits distributed throughout the various districts from Portland, Me., to the city of Seattle, the identical issue which is presented in this forum, or permit the cases to go by default, when the matter can be determined immediately in this suit, and before such suits could be pressed to final hearing? Equity and good conscience will not permit this issue to be spread over 6,000 miles of territory and in various jurisdictions, unless for good cause, and no good reason is made to appear. Foster's Federal Practice, § 269; Birdsell v. Hagerstown Agr. Imp. Mfg. Co., 1 Hughes, 64, Fed. Cas. No. 1,437; Ide v. Ball Engine Co. (C. C.) 31 Fed. 901; Commercial Acetylene Co. v. Avery Portable Lighting Co. (C. C.) 152 Fed. 642; Commercial Acetylene Co. v. Avery Portable Lighting Co. (C. C. A. 7th Cir.) 159 Fed. 935, 87 C. C. A. 206; Dittgen v. Racine Paper Co. (C. C.) 164 Fed. 85, at page 89; Commercial Acetylene Co. v. Avery Portable Co. (C. C.) 166 Fed. 907; Atlas Underwear Co. v. Cooper Co., 210 Fed. 347, at pages 349, 350; Paterson v. United States, 222 Fed. 599, at page 643, 138 C. C. A. 123; Stebler v. Riverside Heights Co., 211 Fed. 985; Stebler v. Riverside Heights Co. (C. C. A. 9th Cir.) 214

Fed. 550, 131 C. C. A. 96, L. R. A. 1915F, 1101; National Cash Register Co. v. Boston Cash Indicator Co. (C. C.) 41 Fed. 51.

My attention has been ·called to Sherman, Clay & Co. v. Searchlight Horn Co. (C. C. A., this Circuit) 225 Fed. 498, 140 C. C. A. 539, as modifying the holding in Stebler v. Riverside, etc., Co., 214 Fed. 550, 131 C. C. A. 96, L. R. A. 1915F, 1101, affirming the District Court, 211 Fed. 985. In the Sherman, Clay & Co. Case, the manufacturer had not been sued and was unknown, and the court held that the defendant and the Victor Company were joint tort-feasors, and in effect said that it was of no concern to Sherman, Clay & Co. whether the patrons of the Victor Company were harassed or not, and the same issue was not presented in the Sherman-Clay Case as was at issue in the Victor Co. Case referred to in the same decision. That matter had already been before the Circuit Court of Appeals in a former case, where damages had been recovered in a law action for infringement, and on review for the granting of a temporary injunction in that case. In this case all the issues in pending and threatened suits are in issue— *profits, gains, advantages, and damages for manufacturing, selling, installing, and causing to be used*—and the complainant, having elected its forum for redress of infringement of these several rights, cannot, under the facts in this case, be permitted to cause the same issue to be raised in subsequent suits in other jurisdictions. Judge Wolverton, who wrote the decision in the Sherman-Clay Case, sat with the Court of Appeals in the Stebler Case, and I think the Sherman-Clay Case fully supports the decision in the Stebler Case. Judge Sanborn, who sat with the Court of Appeals affirming Judge Quarles' decision, likewise, in a subsequent case, Kryptok Co. v. Stead Lens Co., 190 Fed. 767, 111 C. C. A. 495, 39 L. R. A. (N. S.) 1, distinguishes with relation to the right of recovery, but does not take from the former holding of the Circuit Court of Appeals, 159 Fed. 935, 87 C. C. A. 206.

Time forbids an analysis of the voluminous authorities cited by plaintiff. An examination of them does not show any necessity, as no fault can be found with the law in the main, but many have no application to the facts in this case. I think the reason given by Judge Quarles and Judge Wellborn, which has the indorsement of the Courts of Appeal of the respective circuits, is the better reason, where there is a contrary view expressed by any of the judges in other districts. I think the plaintiff should be enjoined from prosecuting, or threatening to do so, suits against any vendee of the defendant for use or sale of the radio wireless telegraph apparatus made by the defendant, and enjoined from prosecuting the suit against the city of Seattle, pending in this jurisdiction, until the determination of this suit. As to the suits pending in other jurisdictions, the matter will be left with the discretion of Judge Hazel and Judge Veeder, before whom, respectively, those suits are pending. The rights of all parties, I am sure, will be conserved by such course.

The purpose of an injunction being to keep the status quo of the parties as nearly as possible until the issue can be determined, this order will be limited to all apparatus sold and installed at this time;

the order not to affect apparatus sold and installed after the entry of this decree, as it would be unfair to tie the hands of plaintiff and permit the defendant to sell its apparatus, displacing the apparatus of the complainant. This order will be on the condition that the defendant, within ten days, will file a bond in the sum of $5,000, with surety to be approved, for the payment of any damages that may be adjudged against the defendant in this suit by reason of the entry of this order.

The motion of plaintiff for postponement of day of trial will be granted, and a continuance be had to March 13th.