WAGNER et al. v. MECCANO, Limited.

(Circuit Court of Appeals, Sixth Circuit. February 6, 1917.)

No. 2977.

1. PATENTS ☞287—SUITS FOR INFRINGEMENT—SUITS AGAINST MANUFACTURER AND CUSTOMERS.

A patentee in addition to suing the manufacturer of an alleged infringing article, may institute and prosecute suits against customers sufficient in number and location to cover the different aspects of the question which may arise, and to give opportunity for the recovery of profits or damages which could not otherwise be obtained, subject to the rule that the process of the courts must not be abused by being employed vexatiously or oppressively.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 457–459.]

2. PATENTS ☞324(1)—SUITS FOR INFRINGEMENT—SUITS AGAINST MANUFACTURER AND CUSTOMERS.

The taking of an appeal from an interlocutory decree enjoining defendant, a manufacturer, from infringement of a patent, and the giving of a supersedeas bond conditioned to pay "damages, costs, and profits," is not a bar to the bringing and prosecution of suits against customers of defendant pending the appeal, nor can the bringing of such suits be considered as a contempt of the court granting the supersedeas.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 600, 604, 605.]

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio.

Suit in equity by Meccano, Limited, against F. A. Wagner and others. Decree for complainant, and defendants appeal. On motion by appellants for injunction. Denied.

See, also, 234 Fed. 912; 235 Fed. 890, —— C. C. A. ——.

Toulmin & Toulmin, of Dayton, Ohio, for appellants.

Healy, Ferris & McAvoy, of Cincinnati, Ohio, and Mauro, Cameron, Lewis & Massie, of New York City, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. In a patent infringement suit in the court below, brought by Meccano, Limited, against Wagner and others, an interlocutory decree in the usual form was entered, awarding an injunction and an accounting against the defendant Wagner, who was the manufacturer of the device involved. An appeal was taken to this court under section 129 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1134 [Comp. St. 1913, § 1121]); and upon the execution of a bond conditioned to pay "damages, costs and profits," the court below approved the bond as a supersedeas. Later, Meccano, Limited, brought an infringement suit in the Southern district of New York against Wannamaker, a customer of Wagner. Wagner now moves, in this court, for an order enjoining Meccano, Limited, from prosecuting the Wannamaker suit, or any other suit against Wagner's customers, and holding Meccano, Limited, in contempt of the supersedeas by bringing the Wannamaker suit.

[1] Thirty years ago, by opinions not reported, but then familiar to some of the present members of this court, Mr. Justice Matthews and Circuit Judge Baxter accepted and applied, in this circuit, the rule that a patentee, in addition to suing the manufacturer, might institute and prosecute additional suits against customers sufficient in number and location to cover the different aspects of the question which might arise, and to get the opinions of the courts in more than one circuit. So far as we know, this practice has never since been questioned in this circuit. The right to bring such additional suits is limited by the rule that the process of the courts must not be abused by being employed vexatiously or oppressively, and, obviously, may be extended to ·give opportunity for recovering profits or damages that could not otherwise be obtained. It is to be assumed that Marconi v. Kilbourne (D. C.) 235 Fed. 719, was a case of such oppressive use, although it depends chiefly upon Stebler v. Riverside (C. C. A. 9) 214 Fed. 550, 131 C. C. A. 96, L. R. A. 1915F, 1101; and this latter case, so far as concerns its declared principle, is at least greatly modified by the later decision of the same court in Sherman v. Searchlight, 225 Fed. 498, 140 C. C. A. 539. However that may be, the bringing of the Wannamaker suit was well within the rights of the patentee.

[2] The application to hold for contempt seems to be upon the theory that the District Court granted a judicial license to infringe. The record does not indicate that the court had the disposition—and it certainly had not the power—so to do. Of course, there may be profits and damages recoverable against the ultimate seller, which cannot be recovered against the manufacturer, unless the manufacturer's liability may have been sufficiently extended by virtue of some peculiar undertaking specially drawn to cover such contingencies. No such peculiar undertaking was exacted or given. As to Wagner's theory

regarding the effect of the supersedeas bond, we quite agree with Judge Augustus Hand (who has recently granted the preliminary injunction in the Wannamaker Case) that "there is no reason or authority for such a contention." The cases, like Kesler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065, which fix the rights of a manufacturer adjudicated not to infringe, have no application. The only judgment yet rendered here is that Wagner does infringe. Nor do we have here. a case where a manufacturer has paid damages or profits, and his customer defends on the ground of former recovery.

The motion is denied.