### POMONA FRUIT GROWERS' EXCH. v. STEBLER.

(Circuit Court of Appeals, Ninth Circuit.   March 19, 1917.)

No. 2792.

1. COURTS ⬤➝405(3)—FEDERAL COURTS—APPEALABLE DECREES—DISMISSAL.
   While an appeal to the Circuit Court of Appeals does not lie from the taxation of costs by the clerk of a District Court, a decree permitting a complainant to dismiss at the costs of the defendant involves a broader question and is appealable.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097, 1099.]

2. PATENTS ⬤➝325—SUITS FOR INFRINGEMENT—COSTS ON DISMISSAL.
   Where, pending a suit for infringement by the owner of a patent against the manufacturer of infringing machines, he commenced numerous suits against customers of the defendant, which were stayed by the court, and on an accounting in the principal case he recovered full damages for all sales made by the manufacturer, on his subsequent dismissal of the suits against customers, he is not entitled to recover his costs.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 607–612.]

⬤➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Suit in equity by Fred Stebler against the Pomona Fruit Growers' Exchange. From a decree of dismissal at defendant's cost, defendant appeals. Reversed.

N. A. Acker, of San Francisco, Cal., for appellant.

Frederick S. Lyon, of Los Angeles, Cal., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge. This case grows out of the litigation between Stebler and the Riverside Heights Orange Growers' Association and Parker, for infringement of United States reissue letters patent No. 12,297, granted to Robert Strain on December 27, 1904, for an improved fruit grader; the letters patent having been duly assigned to this complainant, Stebler. Stebler v. Riverside Heights Orange Growers' Association, 205 Fed. 735, 124 C. C. A. 29. The report shows that this court reversed the action of the District Court, which had decreed a dismissal of Stebler's suit. Thereafter, before reference to a master for an accounting was had, Stebler filed 31 suits in the District Court for the Southern District of California (the present being one of that number) against sundry different users of the infringing machines manufactured and sold by George D. Parker, one of the defendants in the suit (No. 1562) referred to. After the 31 suits were filed, Parker, defendant in suit 1562, asked the court for an order to restrain the prosecution of the suits so brought against the users, and to restrain the filing of additional threatened suits against other vendee users, of the machines manufactured and sold by Parker. Judge Wellborn duly restrained the plaintiff from the prosecution of the commenced suits, and enjoined him from bringing any additional suits against users who were customers of Parker. From the order of injunction so made appeal was taken to this court, and in Stebler v. Riverside Heights Orange Growers' Association, etc., 214 Fed. 550, 131 C. C. A. 96, L. R. A. 1915F, 1101, the order of the District Court was restricted and sustained.

Thereafter a reference to a master was had, and an accounting taken in the infringement suit (No. 1562), and a report made by the master, recommending that certain damages and profits should be paid by Parker to Stebler as gains and profits realized by Parker from the manufacture and sale of machines infringing the patent involved in suit No. 1562, including the machines purchased by the defendant herein, the Pomona Fruit Growers' Association, as well as other users referred to in the injunction case. The master's report was confirmed by the District Court, and judgment entered accordingly. Thereafter the judgment for profits and damages and costs in suit No. 1562 was fully paid and satisfied by the defendants Parker and Riverside Heights Orange Growers' Association. Some time afterwards the Pomona Fruit Growers' Exchange, defendant in the District Court, and the defendants to each of the other pending suits, moved the District Court for a dismissal of each and all of the suits, with costs to the complain-

ant. This motion for dismissal recited that the litigation was for infringement; that the machines involved in the infringement suit were purchased from Parker, one of the defendants to equity suit 1562, Parker being the manufacturer and seller of the alleged infringing machines; that an accounting and final decree had been had in equity suit 1562, and Parker had accounted for the machines involved in the suit then pending, and that the judgment for damages and profits had been satisfied by Parker, and that as a consequence the infringing machine was released, and free right to the use thereof was given to the user; and that no necessity existed prior to the accounting for the institution of suit against the defendants, who were mere users of the infringing machines manufactured and sold by Parker, and that no machine is involved in any of the suits which has not been accounted for by Parker and included in the judgment for damages and profits. After a hearing the court denied the defendants' motions to dismiss, with costs to defendants, but granted a counter motion made by the complainant, Stebler, and dismissed the present suit and all the other suits referred to, with costs to plaintiffs; that is, at the cost of the respective defendants therein. Decrees dismissing the complaints were then entered, and awarding Stebler, complainant, judgments against the various defendants for costs and disbursements.

The defendant Pomona Fruit Growers' Exchange appeals and assigns as error the action of the court denying its motion to dismiss the suit at complainant's cost, and in granting complainant's motion to dismiss at defendants' costs, and also in allowing to complainant herein a solicitor's fee of $20 as part of the costs.

[1] This being a case where there is a decree of dismissal in a suit against a user of an infringing machine manufactured and sold by defendant, we think appellant is fairly entitled to have a decision of the court, notwithstanding the only question which appellant presents pertains to that portion of the decree of the lower court which adjudges costs against appellant. It is true no appeal lies directly to this court from the taxation of costs by the clerk of the District Court (Tyler Mining Co. v. Sweeney, 79 Fed. 281, 24 C. C. A. 578), and that no appeal by motion or otherwise to the District Court appears to have been taken by the appellant herein. But the question involved is a broader one, for the appeal presents, not the legality of any special item or items of costs or disbursements taxed by the clerk, which are properly first reviewable in the District Court, but the validity and justice of the decree of the court dismissing the suit on plaintiff's motion at any cost at all to defendants.

[2] The history of the litigation discloses that this court, when it upheld the order of the District Court restraining plaintiff from proceeding with the 31 suits and from instituting more suits, expressed the opinion that the infringing machines held by the users who had bought from Parker were free from the monopoly of the patent when the manufacturing infringer paid the plaintiff full damages and profits. The language of the court, speaking through Judge Morrow, was as follows:

"There was thus distinctly provided a method whereby the plaintiff might recover all losses suffered by him by reason of the infringement of his patent

—those in the nature of damages as well as those in the nature of profits received by the infringing defendants. There is no controversy in the case as to the financial ability of the defendants to respond to whatever judgment might be finally rendered against them upon the final hearing of the case. To permit the plaintiff, under such circumstances, to institute and maintain suits against the customers of the defendants, to whom the infringing machines have passed, would, it is obvious, be harassing, annoying, and expensive, and would place the plaintiff in a position to maintain the suits to recover full compensation in a double proportion for the losses suffered by him by reason of the infringement."

In the situation of the case after the mandate of this court went out, there was no reasonable necessity for Stebler to institute the many suits begun, until the manufacturing infringer was accorded opportunity to respond under an accounting. It is our opinion that it was in conflict with the view of this court that the defendant customer user should be adjudged to pay costs in a suit needlessly instituted and harassing in its nature, and that therefore the discretion of the lower court was abused in the order made.

We are cited by appellee to American Caramel Co. v. White, 234 Fed. 328–334, —— C. C. A. ——, as upholding appellee's contention that as plaintiff Stebler had a right to injunction at the time of the filing of the suit for infringement, subsequent events could not give the defendants the right to costs. But in that case there were full proofs and final hearing and decision on evidence to sustain infringement and validity of patent. The District Court held the patent invalid and dismissed the bill. The Court of Appeals reversed the District Court, and pending decision on appeal the letters patent expired; but it was held the right to recover profits and damages which had accrued during the period of infringement was not taken away, and that, as the complainant was entitled to injunction on the establishment of its patent and infringement, complainant was entitled to costs of suit, together with recovery of profits and damages, under the accounting to be had.

The decree of the District Court is reversed, in so far as it imposed costs upon the appellant herein, and the cause is remanded, with directions to modify the decree entered, so as to award costs and disbursements to defendant appellant herein. Costs of this appeal to be taxed to appellee herein.