### PARKER v. STEBLER.

#### (Circuit Court of Appeals, Ninth Circuit. March 19, 1917.)

#### No. 2793.

PATENTS ⬤⟹325—SUIT FOR INFRINGEMENT—COSTS ON DISMISSAL.

It was within the discretion of the court to tax the costs of an infringement suit to defendant on its dismissal by complainant, where dismissal resulted from a change of defendant's structure, which brought it within another patent of complainant and enabled him to recover for the infringement in a suit thereon.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 607–612.]

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Suit in equity by Fred Stebler against George D. Parker. From a decree of dismissal at his costs, defendant appeals. Affirmed.

N. A. Acker, of San Francisco, Cal., for appellant.
Frederick S. Lyon, of Los Angeles, Cal., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Appeal from a final decree dismissing the complaint, with costs to plaintiff. This case, like that of Pomona Fruit Growers' Exchange v. Stebler, 241 Fed. 123, —— C. C. A. ——, decided this day, presents a question of the imposition of costs. In this matter, however, the reissue letters patent No. 12,297 were not involved, for the suit for infringement and injunction to which this case has relation was founded upon two United States letters patent not in issue in the equity suit (1562) referred to in the history of the companion case.

It appears that after entry of the interlocutory decree in case 1562, defendant Parker commenced to make and install certain other fruit grading devices. Proceedings were instituted, and while motion for temporary injunction was on file Parker modified the construction of such machines to avoid the charge of infringement of the two patents sued on. But upon the accounting in 1562 these modified machines

were considered by the master and held to be infringements of reissue letters patent No. 12,297, referred to in the companion case, and the profits and damages accruing from such infringement were included in the accounting and judgment in favor of Stebler, referred to in that case, and the judgment was fully satisfied by defendant Parker.

The result is that Stebler after satisfaction of judgment in case 1562, which satisfaction included profits and damages for the machines sold to and used by vendees of Parker, and before hearing on the merits upon the issue of infringement of the two letters patent specially involved in this case, voluntarily sought a dismissal of the suit involved in the present appeal. The District Court granted the motion which resulted in the costs being taxed against Parker.

But accounting in the other matter would not have affected the machines involved in this suit if Parker, appellant here, had not, after application for restraining order was filed, modified the machine so as to avoid charge of infringement in this suit. It was by such action that he brought the machines under the charge of infringement in No. 1562. The circumstances pointed out materially distinguish the case from the one just heretofore decided, and in making the order herein the District Court exercised a discretion which will not be disturbed.

The decree is affirmed.