## NATIONAL MOTOR BEARING CO., Inc., v. CONSOLIDATED MOTOR PARTS CO.

### No. 7181.

District Court, E. D. New York.
May 4, 1934.

Frederick S. Duncan, of New York City, for plaintiff.

Clarence M. Crews, of New York City, for defendant.

BYERS, District Judge.

This is an action in equity in which the plaintiff seeks an injunction and accounting

for alleged infringement of reissue letters patent No. 15061.

The defendant is a dealer in the device described, and is an inhabitant of this district.

The bill was filed February 6, 1934; the subpœna was served on February 8th, and notice of appearance was filed on February 27th.

By stipulation, time to answer was extended until March 24th, although that pleading seems to have been filed on April 27th.

In the meantime, the defendant made a motion for a bill of particulars, which seems to have resulted in an order, for such a bill of particulars was filed on May 1, 1934.

Under date of April 12th, the defendant filed an affidavit of a Chicago attorney to the effect that on February 3, 1934, a bill of complaint by the same plaintiff was filed against the Victor Manufacturing and Gasket Co., of Chicago, the manufacturer of the device which this defendant is selling.

This motion, based upon that affidavit and a supplemental affidavit made by the same attorney on April 21st, in which the Chicago suit is described as the main suit of these two, is made by the defendant, for a stay of all proceedings in this cause pending the final adjudication of the suit against the manufacturer.

It is to be understood that the manufacturer's attorneys represent this defendant, and the expenses involved are being assumed by the former.

There is no allegation concerning any other litigation pending in any court involving this reissue patent, and hence this motion has not been justified for the purpose of avoiding a multiplicity of suits.

No case has been cited by the defendant in which a dealer has been accorded a stay upon the theory that he ought not to be called upon to defend his own alleged infringement because the manufacturer is meeting the same issue in another forum.

For all that appears from the papers, if the defendant in this cause were appearing by its own attorney, the stay would not be sought, because the practical reason advanced in behalf of the motion is that the manufacturer should not be required to assume the additional expense which would be entailed by its participation in the defense of this cause "many hundreds of miles from home where it is necessary to employ additional counsel and * * * either to take testimony by deposition or bring witnesses all the way from Chicago to New York to testify."

It is further urged that the present suit is an affront to the Illinois District Court.

The plaintiff stands upon its legal right to maintain this action against an alleged infringer of the patent in this district, and disclaims any purpose of harassing the Victor Manufacturing and Gasket Co. by seeking to interfere with the distribution of its product through widespread litigation in which dealers in various parts of the country are made defendants.

There seems to be no dispute that this defendant is a large distributor, having fifteen branches, located at various points in the western end of Long Island. It is easy to understand why the manufacturer should assume the burden of the defense of this case, but the fact that it has done so is not deemed to be a sufficient reason for depriving the plaintiff of its right to try the issues which it has presented, as soon as its case can be reached on the equity calendar of this court; in ordinary course that would be in June or September next.

It is asserted for the plaintiff and not denied, that the cause against the manufacturer, in the Northern District of Illinois, cannot be reached for a year, and that the patent in suit will expire in 1936.

A consideration of the arguments leads to the conclusion that the defendant has not shown the pendency or threat of a multiplicity of suits, or other circumstances sufficient to justify the court in granting this motion, even upon the theory that this defendant should be accorded the same status as the manufacturer, for the purposes of this motion.

Among the authorities which have been examined are the following: Sherman, Clay & Co. v. Searchlight Horn Co. (C. C. A.) 225 F. 497; Wagner v. Meccano (C. C. A.) 239 F. 901; Wenborne-Karpen Dryer Co. v. Dort Motor Car Co. (C. C. A.) 14 F.(2d) 378, at page 380; Panoualias v. National Equipment Co. (C. C. A.) 269 F. 630; Marconi Wireless Telegraph Co. v. Kilbourne & Clark Mfg. Co. (D. C.) 235 F. 719.

In none of them was such an application granted, as is here presented, at the instance of a dealer.

Motion denied. Settle order on 2 days' notice.