## CATERPILLAR TRACTOR CO. v. GALION IRON WORKS & MANUFACTURING CO.

### No. 19939.

District Court, N. D. Ohio, Eastern Division.

Sept. 9, 1939.

Charles M. Fryer and Alfred C. Aurich, both of San Francisco, Cal., and John F. Oberlin (of Oberlin, Limbach & Day), of Cleveland, Ohio, for plaintiff.

Harker H. Hittson, of Columbus, Ohio and Maurice Hanning (of Holliday, Grossman & McAfee), of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

This cause came on for hearing upon two motions: first, the motion of the defendant to dismiss the bill of complaint, and, second, upon the motion of the plaintiff for an injunction pendente lite.

Both motions are overruled.

As to the first motion, the bill of complaint meets jurisdictional requirements, and states a cause of action under the federal Declaratory Judgment Act, 28 U.S.C. § 400, 28 U.S.C.A. § 400.

The principal ground advanced by the defendant for its motion to dismiss is sufficiently answered by the decision of the Court of Appeals, Sixth Circuit, in Bliss Co. v. Cold Metal Process Co., 102 F.2d 105.

As to the second motion, which came on for hearing upon the return of the court's order to show cause why the temporary restraining order should not be made permanent, this court's ruling is also controlled by decisions of the Court of Appeals of the Sixth Circuit. Wagner v. Meccano, Ltd., 239 F. 901; Oil Conservation Engineering Co. v. Brooks Engineering Co., 52 F.2d 783; Wenborne-Karpen Dryer Co. v. Dort Motor Car Co., 14 F.2d 378. While the decisions cited by the plaintiff support its application for an order restraining the proceedings in other jurisdictions pending the determination of the issues between the principal parties here, all such decisions are by courts in other circuits. The Court of Appeals of the Sixth Circuit has uniformly held that "A patentee in addition to suing the manufacturer of an alleged infringing article, may institute and prosecute suits against customers sufficient in number and location to cover the different aspects of the question which may arise, and to give opportunity for the recovery of profits or damages which could not otherwise be obtained, subject to the rule that the process of the courts must not be abused by being employed vexatiously or oppressively." Wagner v. Meccano, Ltd., supra.

In this case evidence was offered of only two letters to customers of the plaintiff, and in both instances such letters were followed by action in court. The one case has been disposed of in Pennsylvania, and the other case is pending in Indiana, the petition hav-

112

ing been filed the same day that the petition in this action was filed. As the court said, in the case of Kelley v. Ypsilanti Dress-stay Mfg. Co., C.C., 44 F. 19, 23, 10 L.R.A. 686: "There is undoubtedly authority for holding that, if the language of such letters or circulars be false, malicious, offensive, or opprobrious, or used for the willful purpose of inflicting an injury, the party is entitled to his remedy by injunction." But such conditions or purpose have not as yet been made to appear in this case. As was stated by Judge Denison in Oil Conservation Engineering Co. v. Brooks Engineering Co., 6 Cir., 52 F.2d 783, 786, "Bad faith and malice must appear before [the power to enjoin claims of infringement] exists." All the reasons advanced by plaintiff for deferring action in other jurisdictions until the action between the principal parties be determined can with better propriety be advanced in the Indiana court. This court feels, as was stated by the Michigan court in Kelley v. Ypsilanti Dress-stay Mfg. Co., supra, that "comity demands that the application should be made to the court in which the proceedings are pending. Such court is perfectly competent to give the relief, and would undoubtedly do so upon a proper showing."